## WM. BRAKE *v.* THE STATE.

1. CRIMINAL LAW. *New trial. Newly discovered evidence. Absence of witnesses.* Newly discovered evidence, and the absence of his witnesses, from the trial of a person convicted of rape, without his consent, are not sufficient grounds for a new trial, where he made no attempt to continue the cause for such absence, and when the newly discovered evidence would be merly cumulative of that already introduced, as to the unchastity of the woman previous to her alleged violation, and in the effort to discredit the witnesses for the State.

2. SAME. *Same. Tampering with jury.* Nor can the verdict of the jury, in such a case, be so tainted as to entitle the defendant to a new trial, because bystanders, after the conclusion of the testimony in the case, had been heard to remark in language audible to both Court and jury, that the defendant should undergo certain degrees of punishment, it not appearing that such remarks had been encouraged or approved by the jury, or had influenced their verdict.

### FROM CLAY.

Appeal from the Circuit Court. SAMUEL M. FITE, Judge.

No briefs appears in this case.

DEADERICK, J., delivered the opinion of the Court.

At the December Term, 1874, of the Circuit Court of Clay County, Brake was convicted of rape, and sentenced to fifteen years imprisonment in the Penitentiary. A new trial was refused, and he had appealed in error to this Court.

Sarah E. Adams, aged sixteen years, upon whose person the rape was committed, was examined as a witness, and fully proves the perpetration of the crime.

Her mother, sister-in-law, and a little boy about twelve years of age, were at the house when Brake and two other men came, and by their conduct so alarmed the family that all fled. Sarah was overtaken and dragged back toward the house, and she, the little boy and her mother testify to her repeated screams for help while in the hands of Brake and his associate. On the same evening she made complaint of her injuries, and exhibited signs of great mental distress. The family was poor, and some of those who knew them best, and on whose land they lived, gave the girl a good character for chastity, while others, coupling the mother and daughter together, discredited both.

The jury, however, believed the testimony criminating Brake, and we are of opinion they were warranted in doing so.

No error in the charge has been pointed out, and we have discovered none. It is, however, insisted that a new trial should have been granted for the causes set out in the affidavits of plaintiff in error and one M. A. Turner.

In his own affidavit, Brake states that he can prove by several witnesses, whom he names, that they had had sexual intercourse with Sarah E., the younger, before the time of the alleged rape, and that he can prove that she and her mother, Sarah E. Sr., and the

sister-in-law, Caroline, are base women, and not entitled to credit upon oath.    Three of the witnesses named he had summoned, but did not know that he could make the same proof by the others not summoned until' after his conviction, and that the witness summoned did not attend, and were absent without his consent.

There is nothing in the statement in this affidavit to entitle plaintiff in error to a new trial.    The evidence, for the most part, is cumulative testimony, of the same kind as to character, having been introduced, and effort made to impeach each of the witnesses for the State, named upon the score of want of chastity and veracity.

No attempt was made to procure a continuance of the cause for the absent witnesses.

Turner states, that, after the evidence was closed, a man standing near the jury said defendant ought to go to the Penitentiary for twenty years; another man said he ought to go for ten years, and a third that he ought to be hung.    All this, he says, was said in a tone of voice loud enough to be heard from one end of the jury box to the other, and he did not know any of the men who spoke.    This all occurred, we infer, if at all, in the presence of the Court, and if it could have been heard by all the jury, it doubtless could have been heard also by the Court and the counsel engaged in the cause.

That such remarks could have been made in the hearing of the Court without stern rebuke and instant

punishment, we cannot believe. And it would be a precedent of very questionable propriety, to hold that remarks made in open Court, in its presence, and in the presence of the jury for which they are in no wise responsible, shall be imputed to them as misconduct which vitiates their verdict.

If they encouraged or approved such language to be used in their presence, the case would be different. But we do not see upon what principle we can say that the verdict is tainted, because they happen to be the involuntary hearers of the very reprehensible remarks of others, for which they are in nowise responsible.

Let the judgment be affirmed.