LUTHER HILL

*v.*

STATE OF TENNESSEE.

367 S. W. 2d 460

(*Jackson,* April Term, 1963.)

Opinion filed May 10, 1963.

H. T. Etheridge, Jr., Jackson, for plaintiff in error.

George F. McCanless, Attorney General, Thomas E. Fox, Assistant Attorney General, Nashville, for the State.

Mr. Justice Holmes delivered the opinion of the Court.

The plaintiff in error, Luther Hill, was convicted of violating the liquor law. He was fined $100.00 and given a jail sentence of sixty days which was suspended by the Trial Judge. The plaintiff in error, hereinafter called defendant, has duly perfected his appeal. The bill of exceptions is in narrative form.

Only one witness testified for the prosecution. He was a Tennessee Alcohol Tax Unit Agent. He testified that he had received information that the defendant possessed whiskey at his residence located at 51 Donovan Street, in the City of Jackson. He stated that he stood next to the house immediately to the north of defendant's house, some 20 feet from defendant's residence and, looking through defendant's window, saw the defendant pour whiskey out of a fruit jar into two one-half pint bottles. He saw defendant sell the one-half pint bottles of whiskey to an unknown person. This witness then testified he went into defendant's house and found corn whiskey on the kitchen table, "where the defendant stood—pouring whiskey."

The bill of exceptions shows that at this point defendant's attorney raised the question of the validity of the search. He cross-examined the prosecuting witness who testified he did not have a search warrant. The witness stated that the defendant asked him, "Do you have papers?", and that he said, "No," but defendant agreed to

let him search without a warrant. Defendent's attorney further cross-examined the prosecuting witness as to how he could see into the house from the point he was standing on the adjoining property, and obtained an admission from the witness that the curtains were drawn in defendant's house. The witness insisted he could see into defendant's house from where he was standing and saw that defendant had whiskey in his possession.

The record does not show that at this point any offer of proof on the issue of the validity of the search was made by defendant. After concluding this cross-examination of the prosecuting witness, the attorney for the defendant moved that any evidence found in the house be stricken as the search was illegal. This motion was overruled by the Court.

Over defendant's objection the witness then testified on direct examination that after going into the back room of defendant's house he saw whiskey in possession of an unidentified person and found a small amount of whiskey in the kitchen of defendant's home. At the conclusion of the direct examination of the witness, he was cross-examined again by defendant's attorney. At the conclusion of this cross-examination the State rested its case. The defendant moved for a dismissal of the charge on the ground that the evidence found by the prosecuting witness was obtained as a result of an illegal search. This motion was overruled.

The bill of exceptions then shows that the defendant was the first witness introduced for the defense. That, "Luther Hill took the stand after the attorney for the defendant stated to the Court that the defendant was only taking the stand to testify as to the search of his residence

and nothing else." After being duly sworn the defendant was asked by his attorney if the prosecuting witness at the preliminary hearing had not testified that he was on the opposite side of defendant's house from the side he said he was on at the trial, when he claimed he saw the defendant pouring whiskey into the bottles.

The bill of exceptions then reflects that the following occurred:

"When this question was asked, the Attorney General stated to the Court that the defendant could not go into this line of testimony unless he was willing to be cross-examined as to all phases of the case. After argument by the attorney for the defendant and the State, the Court ruled that if the defendant went into that particular line of questions and answers, outside the scope of the search, that he would be putting himself on just as a witness, and therefore could be questioned at length concerning any part of the case by the State. To which ruling of the Court, the defendant objected and noted his exception."

"Thereupon, the defendant at the request of his attorney left the witness stand and did not testify."

This ruling of the Trial Judge is the principal ground relied upon for a reversal. There is no assignment of error questioning the ruling of the Court that the evidence obtained in the search was competent. The sole complainant on this feature of the case is predicated upon the above quoted ruling of the Court which was made after the Court had ruled on the question of the legality of the search and after the State had rested its case.

In Tennessee, when an issue is raised as to the legality of a search, and the question is presented as to

whether or not evidence sought to be offered was unlawfully obtained and for that reason inadmissible, the issue is one to be decided by the Trial Judge and not by the jury. *Goodwin v. State,* 148 Tenn. 682, 687, 257 S.W. 79; *Tenpenny v. State,* 151 Tenn. 669, 672, 270 S.W. 989; *Allen et al. v. State,* 161 Tenn. 71, 72, 29 S.W.2d 247.

The procedure to be followed in passing upon the legality of a search and the admissibility of evidence thus obtained is the same as that followed when objection is raised as to the admissibility of a confession or a dying declaration. *Goodwin v. State,* supra; *Wynn v. State,* 181 Tenn. 325, 329, 181 S.W.2d 332. In each of these situations mixed questions of law and fact which are to be determined by the Trial Judge are presented. If the evidence is admitted, it is for the jury to say what weight will be given it. In each instance, when an objection is made to the offered evidence, the approved practice is for the Court to hear full testimony of all the relevant facts and circumstances in the absence of the jury and then rule upon the admissibility of the testimony offered. *Dickason v. State,* 139 Tenn. 601, 606, 202 S.W. 922; *Goodwin v. State,* supra; *Wynn v. State,* supra; *Turner v. State,* 187 Tenn. 309, 314, 213 S.W.2d 281.

This procedure seems to have been recognized in this case. While the narrative bill of exceptions does not show that the jury was excused during the examination of the prosecuting witness about the facts relating to the search, it does show that at that point the witness was cross-examined by defendant's attorney about the facts relating to the search. When this cross-examination was concluded, defendant's attorney moved that the evidence obtained in the search be stricken. The defendant did not

offer any evidence on the issue of the validity of the search before requesting a ruling by the Court. It was only after the State had rested its case that defendant sought to offer any evidence on the issue of the validity of the search.

In *Goodwin v. State,* supra, this Court had before it the question of the effect of a defendant waiting until after the State had closed its proof to offer to testify as to the legality of a search. We quote from 148 Tenn. page 685, 257 S.W. page 80 of the opinion in that case as follows:

"The State having made out its case and rested, defendant was placed upon the stand following an announcement by his counsel that he would be introduced for the purpose only of attempting to show that the arrest and subsequent search were illegal."

The Trial Judge in that case permitted the State to cross-examine defendant on the issue of his guilt. In holding that this was not reversible error, this Court, 148 Tenn. at page 687, 257 S.W. at page 80 of the opinion stated:

"Moreover, if objection is desired to be offered to evidence as incompetent because the result of an unlawful search, the objection should be made at the time the evidence is offered, and then disposed of by the trial judge in his discretion upon presentation before him, apart from the jury, *of all pertinent facts*. The trial of the main issue may then be proceeded with unconfused by issues which relate alone to the admissibility of evidence. This practice is by analogy supported by the rule approved in cases of dying declarations, ad-

missibility of which is held to be a question for the court." (Emphasis added)

■■ As stated in *Goodwin v. State,* supra, the defendant was placed upon the stand after the State had rested its case. His counsel stated he was being introduced as a witness only on the issue of the legality of the search. The Trial Judge allowed the prosecutor to cross-examine defendant on all issues. This was held not to be reversible error. The situation presented in that case is the same as that presented in the case now before the Court. Had the defendant desired to offer himself as a witness on the issue of the legality of the search only, he should have done so before requesting and obtaining a ruling from the Court on that very issue and before the State rested its entire case. Since it is the duty of the Judge and not the jury to make the decision as to the legality of the search, it is incumbent upon both parties to offer all of their proof on this question before calling for a ruling from the Court. This practice protects the defendant because it allows him to present his proof on the validity of the search before any ruling is made by the Court and before the Jury is permitted to hear any testimony relating to facts discovered at the search. It would indeed be an unusual case in which proof offered by the State alone would show that the search was illegal. In order to put the trial court in error for not permitting the defendant to testify as to the circumstances of the search only, he must offer himself as a witness on this issue before calling for and obtaining from the court a ruling on the very issue and before the State closes its proof.

There is an assignment of error that the evidence preponderates against the verdict and in favor of the innocence of the accused.

It is well settled that the verdict of the jury is conclusive as to the credibility of witnesses. Also that an accused convicted in the Trial Court comes to this Court under a presumption of guilt and under the burden of showing that the evidence preponderates against the verdict below. *Ivy v. State,* 197 Tenn. 650, 652, 277 S.W.2d 363. Applying these rules, the evidence hereinabove set forth amply demonstrates that the evidence does not preponderate against the verdict.

By the last assignment of error defendant states he was surprised by the testimony of the prosecuting witness, ''because it is a physical impossibility to see into the room from the outside of the house''. The defendant cites no authority in support of this assignment. He did file two affidavits to substantiate this contention when he filed his motion for a new trial. The only witness for the defendant was his daughter who testified that one standing twenty feet north of defendant's house could not see in the back room. The record fails to show that the defendant made any request whatever of the Trial Judge for time to procure other witnesses to testify as to this contention. The affidavits relate to facts as to which evidence was offered by the defendant on the trial. The evidence of the affiants was merely cumulative. This assignment of error is without merit. *Brake v. State,* 63 Tenn. 361, 363; *Crittendon v. State,* 157 Tenn. 403, 420, 8 S.W.2d 371.

We find no reversible error on the record. The judgment of the Trial Court is affirmed.