GILLIAM·DOUGLASS

*v.*

STATE OF TENNESSEE.

378 S. W. 2d 749

(*Jackson,* April Term, 1964.)

Opinion filed May 8, 1964.

JOHN W. NORRIS, Brownsville, for plaintiff in error.

GEORGE F. McCANLESS, Attorney General, WALTER T. TIPTON, Assistant Attorney General, for the State.

MR. JUSTICE DYER delivered the opinion of the Court.

Defendant appeals from a conviction of voluntary manslaughter growing out of the slaying of Willie Earl Hays, hereafter referred to as deceased.

On Easter Sunday afternoon 14 April 1963 a group of Negroes gathered at the home of Will Ballard in Haywood County to engage in an Easter Egg Hunt. Deceased, who had been drinking, arrived at this home about 3:30 P.M. and apparently a large crowd was already there milling around in the yard and house. Soon after arriving defendant become involved in a fist fight with Henry Thomas Jarratt. Almost immediately after

this fight deceased procured an ax from the wood pile and with this ax in an upraised position started toward this group of people. However, before deceased could proceed very far, or cause any damages, he was subdued and the ax taken away from him.

A short time after the ax incident deceased came up behind defendant breaking a beer bottle over his head and running. The record is not clear as to the exact sequence of events following this incident, as the witnesses did not see and hear alike, which is normal under such circumstances. The record clearly supports the following facts. When defendant was struck he turned around starting toward deceased drawing a pistol from some where on his person, and when about 15 feet from defendant, who was still running away, fired, hitting defendant. This shot stopped deceased possibly dropping him to his knees. The defendant again shot deceased, which last shot struck him about the face, and then proceeded on up to deceased and struck him in the head with his pistol. The defendant left in his car but later that night turned himself in to the Sheriff. The record supports the fact deceased was unarmed at the time he was shot.

The defendant took the stand and testified in his own behalf stating he shot deceased out of fear of his own life. Defendant's theory was that after deceased hit him with the bottle he was fearful for his life, as deceased was running toward the porch of the house, and defendant thought he was again going after the ax.

The assignments of error are summarized as follows:

1. The evidence preponderates against the verdict of guilty and in favor of the innocence of the defendant.

2. The Trial Judge erred in refusing to charge the defendant's Special Request No. 1.

3. The Trial Judge erred in admitting into evidence the record of the medical examiner.

4. The Trial Judge erred in permitting the witnesses Millard Hunter and Pete Hunter to testify because their names were not endorsed on the indictment as provided for in Section 40-2407, Tennessee Code Annotated.

■ Under the facts summarized above the State clearly made out a case for the jury. The first assignment of error is overruled.

■ The defendant submitted to the Trial Judge special request No. 1, which was a request in regard to self-defense. We have examined the charge given by the Trial Judge on self-defense and find it fully and accurately covers the facts of this case. Under such circumstances the refusal of the Trial Judge to also charge this special request would not be error. The second assignment of error is overruled.

■ Deceased was first taken to Brownsville, Tennessee and from there to Memphis, Tennessee where he died the next day at 10:00 A.M. Dr. J. T. Francisco, the county medical examiner of Shelby County, appointed and acting under Sections 38-701 through 38-714, T.C.A., viewed and examined the body in accord with these statutes. This report by Dr. Francisco was introduced in evidence as

an exhibit to the testimony of Sheriff Hunter over the objection of defendant.

Under Section 38-709, T.C.A., when a death occurs under suspicious circumstances, it is the duty of the county medical examiner to make an investigation reporting his findings in quadruplicate on forms provided by the Post-Mortem Division of the State Department of Public Health. Dr. Francisco did this and the copy required by the statute to be furnished the office of the District Attorney-General was picked up by the Sheriff Hunter.

This report is signed by Dr. Francisco under the following statement:

"I hereby declare that after receiving notice of the death described herein I took charge of the body and made inquiries regarding the cause of death in accordance with Section 38-701—38-714, Tennessee Code Annotated, and that the information contained herein regarding such death is true and correct to the best of my knowledge and belief.

4-18-63 Shelby County

s/J. T. Francisco, M. D."

Under Section 38-710, T.C.A. these records, limited to the results of the medical examination, are made competent evidence in Court.

The legislature also has made it possible for defendant or the state to call as a witness the person preparing the report. The Trial Judge was careful to call this fact to the attention of defendant, but there is no indication in the record defendant desired to do so.

648

■ Defendant insists this report must be authenticated under Section 38-701, T.C.A. This code section deals with foreign records and judgments and would not be applicable to the report here at issue.

The third assignment of error is overruled.

■ Defendant objected to the state using two witnesses on the ground their names had not been entered on the indictment. This objection is founded on Section 40-2407, T.C.A. This statute directs the district attorney to endorse on the indictment, at the term same is found, the names of such witnesses as he intends shall be summoned. This does not mean the State is limited to those witnesses whose names appear on the indictment in accord with this statute. The fourth assignment of error is overruled.

Judgment affirmed.