James Anderson McCravey and Conrad Yeary,
Plaintiffs in Error,

*v.*

State of Tennessee, Defendant in Error.

426 S.W.2d 174.

(*Knoxville,* September Term, 1967.)

Opinion filed March 18, 1968.

James E. Beckner and James M. Davis, Morristown, for plaintiffs in error.

George F. McCanless, Attorney General, and George W. McHenry, Jr., Assistant Attorney General, Nashville, for defendant in error.

## MEMORANDUM

PER CURIAM.

■ McCravey and Yeary were jointly indicted for forgery and passing forged checks. At their trial the State relied for conviction on separate written confessions. When the confessions were offered in evidence defendants' counsel objected. Whereupon the trial judge excused the jury from the courtroom, and heard the evidence of the police officers who had taken the two confessions, to the effect they were voluntarily given by defendants after notice of their constitutional rights as defined by *Miranda v. State of Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). But, the trial judge denied defendants the right to go on the witness stand during this investigation and offer their own testimony with respect to the circumstances under which the confessions were made. The record indicates the trial judge quite naturally expected the defendants to contradict the testimony offered by the State's witnesses and was of opinion this evidence should not be heard in the investigation of the voluntariness of the confessions, but at the time the defendants might take the witness stand in their own defense, if at all. This is indicated by the following exchange between an attorney for one of the defendants and the Court:

> "*Mr. Davis:* If the Court please, in regard to this we would like to have the defendant take the stand and testify in his own behalf.

*The Court:* That will come later. If he denies it, it becomes a jury question.

*Mr. Davis:* If it please the Court, the voluntariness is what we are trying to get at here.

*The Court:* I don.'t know whether these defendants will testify or not after the State has put on its proof. The State has put on conversations showing the voluntariness of it. They may testify but not at this time.

*Mr. Davis:* We reserve exceptions to that ruling.

*The Court:* The Court holds that this statement may be introduced into evidence. Mr. Attorney General, you may proceed as to the McCravey matter because the jury would have to be sent out again.''

After denying defendants permission to offer testimony on the voluntariness of the confessions, they were read to the jury, over defendants' objection.

Error has been assigned here because of this ruling of the trial judge, and we reverse and remand for a new trial without further comment, on authority of these cases: *Boyd v. State,* 2 Humph. 39; *Self v. State,* 65 Tenn. 244; *Wynn v. State,* 181 Tenn. 325, 181 S.W.2d 332; *Turner v. State,* 187 Tenn. 309, 213 S.W.2d 281; *Campbell v. State,* 215 Tenn. 95, 384 S.W.2d 4; *Jackson v. Denno,* 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908; *United States v. Carignan,* 342 U.S. 36, 72 S.Ct. 97, 96 L.Ed. 48.

In *Jackson v. Denno,* the United States Supreme Court explicitly defined the procedure to be followed by courts when objection is made to the admissibility of confessions, as follows:

"It is now axiomatic that a defendant in a criminal case is deprived of due process of law if his conviction is founded, in whole or part, upon involuntary confession, without regard for the truth or falsity of the confession, *Rogers v. Richmond,* 365 U.S. 534, 81 S.Ct. 735, 5 L.Ed.2d 760, and even though there is ample evidence aside from the confession to support the conviction. *Malinski v. New York,* 324 U.S. 401, 65 S.Ct. 781, 89 L.Ed. 1029; *Stroble v. California,* 343 U. S. 181, 72 S.Ct. 599, 96 L.Ed. 872; *Payne v. Arkansas,* 356 U.S. 560, 78 S.Ct. 844, 2 L.Ed.2d 975. *Equally clear is the defendant's constitutional right at some state in the proceedings to object to the use of the confession and to have a fair hearing and a reliable determination on the issue of voluntariness, a determination uninfluenced by the truth or falsity of the confession."* (Emphasis supplied).

Again in *United States v. Carignan,* the Court wrote:

"The United States concedes in regard to the third issue that the better practice, when admissibility of a confession is in issue, is for the judge to hear the defendant's offered testimony in the absence of the jury as to the surrounding facts. Therefore, the Government makes no objection to the reversal of the conviction on the ground. *We think it clear that this defendant was entitled to such an opportunity to testify.* An involuntary confession is inadmissible, *Wilson v. United States,* 162 U.S. 613, 623, 16 S.Ct. 895, 899, 40 L.Ed. 1090. Such evidence would be pertinent to the inquiry on admissibility and might be material and determinative. *The refusal to admit the testimony was reversible error."* (Emphasis added)

The rule is summarized in 23 C.J.S. Criminal Law sec. 836, pages 249-251, where, with supporting citations, it is stated:

"In determining whether a confession is free and voluntary the judge in the absence of the jury necessarily can admit only testimony relating to such issue, but both sides have the right to be heard on this issue. * * *

"Provided he makes it plain to the court that he desires to offer independent testimony throwing some light on the inquiry, and provided he makes such offer before the question of admissibility is decided, accused must be permitted to introduce evidence of any fact showing, or tending to show, that the confession was involuntary; and, * * * he has a right, the denial of which constitutes reversible error, to introduce evidence of this nature before the admissibility of the confession is determined."

We cannot sustain these convictions contrary to an asserted federal constitutional right on the ground the error is harmless, unless we are able to declare a belief it was harmless beyond a reasonable doubt. *Chapman v. State of California,* 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967); *Fahy v. State of Connecticut,* 375 U.S. 85, 84 S.Ct. 229, 11 L.Ed.2d 171 (1963). This we are unable to do. On this question see *Munson v. State,* 141 Tenn. 522, 213 S.W. 916; *Dykes v. State,* 201 Tenn. 65, 296 S.W.2d 861; *Briggs v. State,* 207 Tenn. 253, 338 S.W.2d 625 (1960).

The Court thanks James E. Beckner and James M. Davis, who represented defendants under court appointment for their conscientious and capable representation

of defendants. The State's brief, which reflects painstaking research of the issue presented by this appeal, concludes, as perforce it had to, in the recommendation the convictions be reversed upon the constitutional grounds recognized in this opinion; and we accept that recommendation, and reverse and remand for a new trial.