# CHARLES E. POOLE, Plaintiff in Error, v. STATE OF TENNESSEE, Defendant in Error.

## 462 S.W.2d 256.

Court of Criminal Appeals of Tennessee. Nov. 6, 1970.

Certiorari Denied by Supreme Court Dec. 21, 1970.

Lance B. Bracy, Springfield, for plaintiff in error.

David M. Pack, Atty. Gen., C. Haynes Cooney, Asst. Atty. Gen., Nashville, James M. Porter, Dist. Atty. Gen., Springfield, for defendant in error.

## OPINION

RUSSELL, Judge.

This appeal in error from a grand larceny conviction and resultant three (3) to ten (10) year penitentiary sentence assigns error upon the alleged legal insufficiency of the convicting evidence.

The automobile of one Tom Cook was stolen from his

driveway at approximately 10:40 P.M. on May 30, 1969. Mr. Cook heard the car being started, got out of bed in time to see it being driven from his driveway occupied by two men, and promptly called the Springfield City Police. About fifteen minutes later he was advised that his car had been recovered. Officers found the car about two blocks from where it had been stolen, in the possession of plaintiff in error. It had been wrecked upon the right front, and that tire was flat. Poole was endeavoring to replace the damaged tire and wheel with the spare when found and arrested. He had the ignition keys to the car in his pocket.

Without going into minute detail concerning the evidence pro and con, it suffices to say that there was strong circumstantial evidence that Poole was one of the two men who took the automobile. His theory that he just happened along and was changing the tire and wheel in exchange for the promise of a ride from two unknown men who subsequently left after giving him the car keys was rejected by the jury. We hold that the evidence does not preponderate against the verdict, so is legally sufficient to support that conviction. Cooper v. State, 123 Tenn. 37, 138 S.W. 826.

■ Error is assigned upon the predicate that the verdict is so harsh as to evidence passion, prejudice and caprice on the part of the jurors.

It is true that the punishment set is the legal maximum for the offense. T.C.A. § 39-4204. However, as such it is still within the limits allowed by law; so cannot for that reason be said to indicate passion, prejudice and caprice. Carroll v. State, 212 Tenn. 464, 370 S.W.2d 523.

Error is assigned upon the testimony of Paul Kemp, the contention being that he was permitted to testify to hearsay statements made to him by one Jessie Horton.

 Mr. Kemp is a parole officer, called as a witness for the defendant. He was asked on direct examination what basis the relationship of Poole and Jessie Horton (a fellow worker and another ex-convict who was also picked up on the night of the crime), was on, and he responded that it was "friendly." He was then asked how he knew that, and responded, "from Horton's statement." Apparently, defendant's counsel expected the answer to have been the opposite. At any rate, when the witness was asked on cross-examination if he had information that Poole and Horton were on a friendly basis, the objection was interposed. This was exactly the same evidence introduced on direct, so the assignment of error is overruled.

 Deputy Sheriff Joe Robertson, was operating the police radio and kept the log thereon, testified over objection as to certain entries in that log. This was claimed to be inadmissible hearsay. A portion of the testimony was:

"Q. All right. Now later on in the same evening, May 30th, did you make entries as to a stolen automobile?

"A. Yes, sir.

"Q. What time was that, sir?

"A. At 10:45 I radioed a message out to Robertson County nine and ten. Deputy Bill Duffer was operator of car nine and the sheriff is operator of car ten. It was message number 23 and it was 1044, which is the

code number for a stolen automobile, a 1967 Mercury, white, and having Tennessee license DX9999 to Tom Cook. It just drove off toward Bud Lassister's station R, which means his residence.

"Q. Now, that is the message that you put out?

"A. Yes, sir.

"Q. All right.

"A. At 10:50 I gave out from the station to all cars to signal nine, which means to disregard. "Car seven has car and also Charles Poole in custody."

"Q. All that was logged at 10:50. Is that right?

"A. 10:50. Yes, sir."

It was very relevant to the State's case to show the various time factors, etc., precisely. The information contained in the log was relevant and material and admissible. See Gamble v. State, 215 Tenn. 26, 383 S.W.2d 48.

Officer Robertson's testimony, although not objected to for this reason upon the trial, is now said to have been inadmissible because his name was not listed upon the indictment. Our Supreme Court has held specifically that the State is not limited to the witnesses listed upon the indictment. Douglass v. State, 213 Tenn. 643, 378 S.W.2d 749.

■ Error is assigned upon the alleged failure of the trial judge to instruct the jury regarding the return of a not guilty verdict, as contrasted with specific instructions regarding the return of various possible guilty verdicts.

No special requests for instructions were made by defense counsel, nor was there any objection stated to the charge as given. The Court charged the jury that the defendant was initially presumed to be not guilty, and of the State's burden of proof before guilt could be found. Subsequently, as to each possible conviction, the charge was, "Should you find the defendant guilty of * * *." It certainly was implicit that a not guilty verdict could have been returned. Absent an objection or a request for a fuller instruction, we find no prejudicial error.

■■ The Court charged the presumption arising from being found in the possession of recently stolen property, and this is assigned as error. The assignment is overruled.

The jury was not polled individually, and this was initially assigned as error. Counsel withdrew the assignment, in the light of Nance v. State, 210 Tenn. 328, 358 S.W.2d 327, since no request was made for a polling of the jury.

Complaint is made that one of the jurors had advance information about the case. An affidavit is quoted in the brief that does not otherwise appear in the record. It suffices to say that nothing in the affidavit rises to the status of reversible error.

■■ The final assignment of error is bottomed upon newly discovered evidence. One Thomas D. Jones, a penitentiary inmate, gave an affidavit wherein he swore that he was in the Metro Nashville jail on June 19, 1969, and had a conversation with two unidentified men who stated that they "had hooked a fool in Springfield the other night"; that they gave the man's name only as

"C. P."; that they had stolen a car, had a flat tire, and "C. P." stopped to help and they left him with the car.

Aside from the patently suspicious nature of this alleged evidence, we fail to see how the statements of the unidentified men could be introduced through the affiant. Therefore, no admissible evidence has been newly discovered; and we don't get over the threshhold to the questions of reasonable diligence, etc.

The judgment of the trial court is affirmed.

MITCHELL and GALBREATH, JJ., concur.