THOMAS ALLEN GOODNER, Plaintiff in Error, v. STATE OF TENNESSEE, Defendant in Error.

464 S.W.2d 339.

Court of Criminal Appeals of Tennessee. Nov. 6, 1970.

Certiorari Denied by Supreme Court Feb. 16, 1971.

Leon Ruben, Asst. Public Defender, Nashville, for plaintiff in error.

David M. Pack, Atty. Gen., C. Hayes Cooney, Asst. Atty. Gen., Kent Sandidge, III, and Harold D. Hardin, Asst. Dist. Attys., Nashville, for defendant in error.

## OPINION

RUSSELL, Judge.

Thomas Allen Goodner, indigent and represented by the Public Defender, appeals his conviction for robbery accomplished by the use of a deadly weapon and resultant ten (10) year penitentiary sentence.

Errors are assigned which question the legal sufficiency of the convicting evidence. At about 2 A.M. on Monday, January 13, 1969, the dispatcher for the Yellow Cab Company in Nashville sent cab number forty-five, driven by Albert Lee Irvin, to pick up a passenger at 1632 Northview, in response to a telephone call. Irvin picked up a passenger standing in the driveway at that address, and after carrying him to another area was robbed at pistol-point by him.

Irvin positively identified Goodner upon the trial, and at a proper lineup a few hours after the crime. The mother of a friend of the defendant, residing at 1632 Northview, identified him as the man who telephoned from their house for a taxicab. A couple living across the street testified that Goodner had been visiting at their residence until the time that he was said to have gone across the street and telephoned for a taxicab; and while there he told the wife that he needed to get hold of some money, that he had to leave town. She saw a pistol stuck in his belt. She had known Goodner for years.

After the robbery was reported to the police, the in-

vestigating officer went to 1632 Northview to try to learn who, if anyone, had telephoned for a taxicab from there. He learned plaintiff in error's nickname, "Blue," there; and was told that the couple across the street would know his true name. Upon so learning Goodner's true name, and getting his address from police records, he was arrested. A pistol and loose currency were found in his coat pockets.

A careful study of this record demonstrates conclusively the guilt of Goodner. Certainly it cannot be said that the evidence preponderates against the verdict, so the assignments going to the sufficiency of the evidence are overruled.

It is assigned as error that Mrs. Ada Hill was allowed to testify for the State, although her name was not listed on the indictment.

T.C.A. § 40-2407 reads as follows:

*"Indorsement of names of witnesses.*—It shall be the duty of the district attorney to indorse on each indictment or presentment, at the term at which the same is found, the names of such witnesses as he intends shall be summoned in the cause, and sign his name thereto."

This statute has been construed by our Supreme Court, in the case of Douglass v. State, 213 Tenn. 643, 378 S.W.2d 749, wherein it is said:

"* * * This does not mean the State is limited to those witnesses whose names appear on the indictment in accord with this statute. * * *"

This assignment is overruled.

The final assignment of error is directed to the introduction into evidence of the fruits of the search of Goodner's clothing at the time of his arrest. He was arrested in the living room of an aunt's home, where he had been sleeping upon the couch. He was clad in his underwear. The officers had an arrest warrant, but no search warrant. They searched his clothing before he was ordered to dress, and found his loaded gun and money in the pockets of the coat which he subsequently wore and which had been draped upon a chair in the room.

Searches incidental to lawful arrests have been drastically limited by the U. S. Supreme Court case of Chimel v. California, 395 U.S. 752, 89 S.Ct. 2034, 23 L.Ed.2d 685; but are still permitted in the area into which an arrestee might reach in order to grab a weapon or evidentiary items. Clearly, this search was permissible. It would have been sheer folly for the officers to have permitted a man reasonably believed to have committed an armed robbery but a short time before to have dressed himself without their having searched his clothing. Such a rule would have permitted him, in this case, to have armed himself.

All assignments of error have been carefully considered, and are overruled.

DWYER, J., concurs.

GALBREATH, Judge (concurring).

I concur in Judge Russell's opinion but would add it is significant that the plaintiff in error failed to establish that the failure of the District Attorney General to comply with T.C.A. § 40-2407 and list the name of Mrs. Hill

as a witness on the indictment worked any hardship in the preparation of his defense or caught him by surprise. The purpose of the statute is to protect against these contingencies. See McBee v. State, 213 Tenn. 15, 372 S.W.2d 173. Unless such prejudice to the rights of the defendant appears, a failure to comply with T.C.A. § 40-2407 is at most harmless.

Goodner knew Mrs. Hill. She was the mother of his friend from whose home he called the cab whose driver he robbed. He had as much, if not more, opportunity to know of her background and her knowledge of the facts in the case than the prosecution.