JIMMIE ARNOLD THOMAS, Plaintiff in Error, v.
STATE OF TENNESSEE, Defendant in Error.

465 S.W.2d 887.

Court of Criminal Appeals of Tennessee. Dec. 16, 1970.

Certiorari Denied by Supreme Court March 1, 1971.

Charles J. Gearhiser, Stophel, Caldwell & Heggie, J. L. Bailey, Jr., and David L. Knox, Jr., Chattanooga, for plaintiff in error.

David M. Pack, Atty. Gen., Robert H. Roberts, Asst. Atty. Gen., Nashville, Edward E. Davis, Dist. Atty. Gen., Stan Lanzo and Gary Gerbitz, Asst. Dist. Attys. Gen., Chattanooga, for defendant in error.

## OPINION

**MITCHELL, Judge.**

Jimmie Arnold Thomas, the defendant in the trial court, indigent and represented by court-appointed counsel has appealed his conviction of robbery by the use of a deadly pistol and a sentence of fifteen (15) years in the penitentiary, from the Criminal Court of Hamilton County, Tennessee, Honorable Russell C. Hinson, Judge presiding.

On May 1, 1969 the Grand Jury of Hamilton County indicted the defendant Jimmie Arnold Thomas for rob-

bery of Ruby Rich of $177.79 belonging to her employer Ray Moss Farms, Inc. d/b/a Golden Gallon Milk Jug Stores by the use of a deadly pistol on February 19, 1969.

Ruby Rich, was on February 19, 1969 at her place of employment when David Ray Walker whom she knew, and the defendant Thomas came to the store in an automobile. She went to the door and they told her they were working on the car. After all the other people left the store Walker and the defendant entered the store, Walker who had worked for this company introduced the defendant to Mrs. Rich. It was about 8:30 at night, the premises were well lighted with fluorescent lights.

They asked to buy a carton of cigarettes. She got a ladder to reach the cigarettes and when she stepped down from the ladder, the defendant was facing her with a pistol in his hand and told her he did not want to hurt her but that they needed money. She gave them the money she had and they compelled her to get the money from the vault and the cash register. They took it and left in their car after warning her to stay in the back of the store until they were gone. Later the defendant was brought back from the State of California and tried on July 29, 1969 convicted of robbery by the use of a deadly weapon and his punishment fixed at fifteen years in the State Penitentiary.

David Ray Walker, a juvenile, 14 years of age, was first taken before the Juvenile Court and remanded to the Criminal Court for prosecution as an adult, then was indicted by the Grand Jury for this robbery in a separate indictment, and was awaiting trial.

Ruby Rich positively identified the defendant Jimmie

Arnold Thomas as the man who came to the store with David Ray Walker and robbed her with a pistol drawn on her. She testified she had been shown photographs of the defendant Thomas by the police.

Two California police officers testified they had the defendant Thomas in their custody while he was being extradited from California, for trial on the armed robbery charge, that he was warned of his rights by them and that he admitted that he used a .38 caliber snub-nosed pistol, which they found in his possession in California, in robbing a milk store in Chattanooga, Tennessee of money over $100.00. That he held up a woman at the Golden Gallon Milk Jug and got approximately $100.00.

The juvenile accomplice David Ray Walker was introduced by the State as a witness against the defendant and testified that he and the defendant robbed Mrs. Rich, that he and the defendant Thomas went to the Milk Store together and that the defendant had the pistol, a .38 caliber revolver which he (Walker) had previously stolen. That after they robbed Mrs. Rich they left immediately for California with Doyle Wilson.

David Ray Walker testified he had known the defendant Thomas about four days. That they had discussed robbing Mrs. Rich. Walker positively identified the defendant Jimmie Arnold Thomas as the man who participated with him in the robbery of Mrs. Rich, and that he had not been promised anything to induce him to testify.

The defendant testified in his own behalf that in February he came to Chattanooga enroute to Florida, that he is a cannery worker. That he knew David Ray Walker as Ray Quarles. That he was not with David Ray

Walker, or Ray Quarles when he went to the Milk Jug Store, that he had nothing to do with the robbery of Mrs. Rich. He testified he ran into Ray Walker at a good-time house in Chattanooga. That he thought he was 18. That they picked up Ray Walker, went to Atlanta and then on to California. That he left for California around February 19, 1969 in a car with David Ray Walker, Doyle Wilson, Mattie McBryar and two little kids. That they were stopped and picked up on their way to Sonora by the highway patrol. They found a .38 caliber loaded pistol under the seat on which David Ray Walker was riding, the same pistol introduced in evidence in this case. That he pleaded guilty to the charge of possessing or carrying a loaded firearm on a public highway.

He denied that he told the California police officers he had robbed a woman at a Milk Store with a .38 caliber revolver and took $100.00. That the officers misunderstood him, that he told them he had heard of the robbery but that he was not involved in it. That he told the officers he understood around $100.00 was taken in the robbery. He testified he did tell them about not wanting to do time back here, that some people he knew said the jails back here weren't exactly the best and if he ever had to do time he preferred to do it in California.

That as far as admitting to participating in the robbery he did not. That he was not at the Golden Gallon Milk Jug Store on February 19, 1969.

By the defendant's first assignment of error he complains that the trial court erred in allowing David Ray Walker the accomplice to testify since his name was not listed on the indictment.

The witness David Ray Walker was a juvenile at the time of the commission on the offense and was indicted separately on the same charge. In support of this assignment the defendant relies on T.C.A. § 40-2407 which is as follows:

"It shall be the duty of the District Attorney to endorse on each indictment or presentment, at the term in which the same is found, the names of such witnesses as he intends shall be summoned in the cause, and sign his name thereto."

The defendant in his brief also points out that McBee v. State, 213 Tenn. 15, 372 S.W.2d 173, holds that a trial court in its discretion may permit endorsement of names of witnesses on an indictment, anytime upon good cause being shown and if the accused is not prejudiced by the actions of the trial court. McBee v. State, supra also holds that;

"The reason for the rule requiring the names of witnesses to appear on the indictment is to make known to the defendant the names of such witnesses who will be called to testify so that the defendant will not be surprised and handicapped in the preparation of his case. Defendant does not on this appeal claim surprise or prejudice, but relies upon technical noncompliance with the statute. We find this contention to be without merit."

Prior to the testimony of David Ray Walker, the District Attorney stated to the court, in the absence of the jury, that before this trial they approached the bench and it was his understanding that since the defense knew this witness was here, that he could testify. That Walker's

name had not been put on the indictment because he was a defendant in a case on the same set of facts, was a juvenile, and had been bound over to the Criminal Court, and the State did not know whether he could testify at all or not. That the defense attorneys had been allowed to, and did question him.

■ The defense counsel objected to the testimony of David Ray Walker because his name was not listed on the indictment as required by law. Defense counsel stated that they knew he was a defendant arising out of the same transaction but had not expected him to testify. That their interviewing him, second-hand after the Attorney General's office had a chance to talk to him was a lot different from interviewing him in your own surroundings. That his testimony would be the confession of a co-defendant and inadmissible as to this defendant.

Defense counsel further stated that there was no reason why, if they wanted to use this person, they couldn't have used him before now. They have had access to him this whole time since his arrest several months ago. The court inquired whether Walker had been tried and his case disposed of and counsel informed the court that he had been indicted but not tried, that his case was set for trial October 24th.

The District Attorney informed the court that he had contacted Walker's attorney and explained the matter to him and had gotten permission from his lawyer to talk to him and that his lawyer came up and sat in on the conference and that it was not until after that he had cleared that matter up that the State even anticipated that Walker would be a witness in the case. The court inquired

whether Walker was there with the knowledge of his attorney and the District Attorney told the court that he was there with the knowledge and concurrence of his own lawyer.

After the trial judge had carefully investigated the matter in the absence of the jury, in his discretion, he allowed the name of David Ray Walker to be entered on the indictment as a State's witness, overruled the defendant's objection and allowed him to testify.

The procedure followed by the trial judge and the District Attorney gave the defendant ample opportunity to know that Walker would testify and of course the defendant who admitted at the trial that he and Walker went immediately to the State of California together after the robbery in the same automobile, a trip of several days duration, the defendant must have been well informed about what Walker knew concerning the robbery, the possibility of Walker becoming a witness and what his testimony might be.

There is nothing to show that the defendant was in any way handicapped in the preparation of his case. No showing that he did or could have changed his strategy of defense, or could have adopted any tactics different from his plea of not guilty and a denial of any participation in the robbery.

The record fails to show that the endorsement of the name of this accomplice as a witness on the indictment placed the defendant in any less favorable plight than that brought about by the damaging, detrimental and prejudicial testimony of the other State's witnesses.

Moreover, after the accomplice Walker took the witness stand and testified, the defendant had a full opportunity to subject him to cross-examination. It is well to remember here that the testimony of Walker was cumulative in as much as the defendant had been positively identified at the trial by the victim, Ruby Rich and by the officers from California to whom the defendant had admitted that he had, with a .38 caliber snub-nosed revolver, robbed a woman at a Milk Store in Chattanooga of over $100.00. While no question has been raised about corroboration of the accomplice, we find his testimony is amply corroborated by other credible testimony in the record.

The Attorney General has cited in his brief, Douglass v. State, 213 Tenn. 643, 378 S.W.2d 749 where the court said:

"Defendant objected to the State using two witnesses on the ground their names had not been entered on the indictment. This objection is founded on Section 40-2407, T.C.A. This statute directs the District Attorney to endorse on the indictment, at the term same is found, the names of such witnesses as he intends shall be summoned. This does not mean the State is limited to those witnesses whose names appear on the indictment in accord with this statute."

Accordingly we find this assignment is without merit.

In the second assignment of error the defendant contends that the trial court erred in allowing the District Attorney to cross-examine the defendant concerning a public drunk arrest and malicious mischief charge.

While the defendant was testifying in his own behalf he was asked by his attorney on direct examination whether he had ever been convicted of any crime other than the charge in California which concerned a charge of possessing or carrying a pistol and the defendant answered "no."

On cross-examination the District Attorney for the purpose of impeaching the witness inquired whether he had been convicted of public drunkenness and malicious mischief to which he replied "no." We think this was proper cross-examination as testing the credibility of the witness, however no objection was made to the District Attorney's cross-examination at the time and it can not now be complained of. See Anderson v. State, 207 Tenn. 486, 341 S.W.2d 385 hereinafter cited.

The defendant's third assignment is that the punishment imposed and inflicted was excessive, cruel and unusual and should be set aside.

The offense for which the defendant was indicted carries a maximum penalty of death by electrocution. The jury fixed the punishment at 15 years. Our courts have held that so long as the punishment is within the limits prescribed by the statute it can not be said to be excessive, cruel and unusual. In Hardin v. State, 210 Tenn. 116, 355 S.W.2d 105; Lester v. State, 216 Tenn. 615, 393 S.W.2d 288.

By the defendant's fourth assignment of error the defendant complains that the trial court erred in permitting the introduction of photographs in the evidence by which the witness Ruby Rich identified the defendant. In answer to this assignment the District Attorney in his

brief has cited Mendolia v. State, 192 Tenn. 656, 241 S.W.2d 606, in which it was held that:

"Identification of one accused of crime by means of pictures is not objectionable where here is no undue prejudice of his rights. If, however, it is necessary to exhibit a picture as a means of ferreting out a conspiracy to commit a crime the accused has no right to object even though it may be prejudicial. Brown v. State, 186 Tenn. 378, 210 S.W.2d 670."

It was also held by this court in Palmer v. State, 435 S.W.2d 128, in an opinion by Judge W. Wayne Oliver, that "the law has long been established that the admission of photographs is a matter to be determined by the trial court in the exercise of his sound discretion. Management Services, Inc. v. Hellman, 40 Tenn.App. 127, 289 S.W.2d 711."

There is no showing that anything was said to Mrs. Rich to assist her or help her in the identification of the pictures of the defendant.

The victim, Ruby Rich, testified that she was able to identify the defendant from the photographs because of his facial appearance and despite the fact that his hair had been cut and his appearance somewhat changed.

 It should be pointed out here that no objection was made to the introduction of these photographs into evidence although the trial court specifically asked the defense counsel if there was any objection to which defense counsel answered in the negative.

An assignment of error based on the alleged erroneous introduction of evidence will not be effective unless the

record shows objection made and overruled, in the trial court at the time the evidence was offered.

It was held in Anderson v. State, 207 Tenn. 486, 341 S.W.2d 385, that:

> "We think that defendants cannot complain of the admission of this evidence because it does not appear that any objection was made at the time such evidence was offered. It is well settled that this Court will not consider an assignment of error based on the admission or exclusion of evidence unless timely objection and exception was made in the Trial Court and the Trial Court given an opportunity to make correction. Rule 14(5), 203 Tenn. 803, 805; Turner v. State, supra 188 Tenn. 312, 322, 219 S.W.2d 188, 193; Nichols v. State, 200 Tenn. 65, 91-92, 289 S.W.2d 849, 860, and cases there cited."

Franklin v. State, Tenn.Cr.App., 437 S.W.2d 260, cited in the Attorney General's brief held "alleged errors in admission of testimony must be objected to in the trial court if they are to be considered on appeal." See also Turner v. State, 188 Tenn. 312, 219 S.W.2d 188, and Rules of Supreme Court 14(4).

We have carefully considered the evidence in this case and find it does not preponderate against the guilt of the defendant nor in favor of his innocence.

The defendant Jimmy Arnold Thomas was positively identified by the victim as being the man who held the pistol on her at the time she was robbed. The accomplice, David Ray Walker corroborated the testimony of the victim, Ruby Rich to the effect that they had planned

to rob her and that after the robbery they immediately left Chattanooga together and went to the State of California.

The two police officers from the State of California testified that the defendant admitted to them that he had, with a .38 snub-nosed revolver robbed a woman of something of $100.00 in a Milk Store in Chattanooga, Tennessee.

The defendant in his testimony admitted that he left Chattanooga in an automobile with David Ray Walker, Doyle Wilson, Mattie McBryar and two children in the same automobile and that they traveled together to California where he was later arrested and returned to Chattanooga.

We are of the opinion that the competent, credible evidence in this case clearly established the guilt of the defendant. The assignments of error are overruled and the judgment of the trial court is affirmed.

We are grateful to court appointed counsel for the competent, diligent service he has rendered in this case.

RUSSELL and GALBREATH, JJ., concur.