WAVERLY ALDRIDGE and WILLIAM ALDRIDGE,
Plaintiffs in Error, v. STATE OF TENNESSEE,
Defendant in Error.—470 S.W.2d 42

May 19, 1971.

Certiorari Denied by Supreme Court July 19, 1971.

Hugh W. Stanton, Jr., Assistant Public Defender, Memphis, for plaintiffs in error.

David M. Pack, Attorney General, Weldon B. White, Jr., Assistant Attorney General, Nashville, Sam Catanzaro Jr., Assistant District Attorney General, Memphis, for defendant in error.

OLIVER, J. Waverly Aldridge and William Aldridge, cousins, indigent and represented below and here by members of the Shelby County Public Defender's staff appointed by the court, were convicted in the Criminal Court of Shelby County of grand larceny under a joint indictment charging them with robbing one Roosevelt Payne, and each was sentenced to imprisonment in the penitentiary for not more than five years. Unsuccessful in their motions for a new trial, they have duly perfected an appeal in the nature of a writ of error to this Court.

The defendants' first three Assignments of Error challenge the sufficiency of the evidence to warrant and sustain the verdicts of the jury. In reviewing the evidence under these three Assignments of Error, we are bound by the rule, stated and restated over and over by our Supreme Court and this Court, that a jury's verdict of guilt, approved by the trial judge, accredits the testimony of the witnesses for the State and resolves all conflicts in the evidence in favor of and establishes the State's theory of the case. Under such a verdict, the presumption of innocence, which the law accords an accused prior to conviction, disappears and is replaced by a presumption of guilt which puts upon him the

burden of showing upon appeal that the evidence preponderates against the verdict and in favor of his innocence. We may review the evidence only to determine whether it preponderates against the verdict and, in doing so, we must take the verdict as having established the credibility of the State's witnesses. The verdict will be disturbed on the facts only if the evidence clearly preponderates against it and in favor of the innocence of the accused. Gulley v. State, 219 Tenn. 114, 407 S.W. 2d 186; Jamison v. State, 220 Tenn. 280, 416 S.W.2d 768; Webster v. State, Tenn.Cr.App., 425 S.W.2d 799; Brown v. State, Tenn.Cr.App., 441 S.W.2d 485; Palmer v. State, Tenn.Cr.App., 435 S.W.2d 128; Morelock v. State, 3 Tenn. Cr.App. 292, 460 S.W.2d 861.

The rule that the credibility of the witnesses and conflicts in the testimony are all settled by the verdict of the jury, "makes unnecessary and, indeed, inappropriate, a detailed discussion of that evidence, pro and con, * * * in stating what we conclude the material facts to be as established by that testimony." Hargrove v. State 199 Tenn. 25, 28, 281 S.W.2d 692, 694; Morrison v. State, 217 Tenn. 374, 397 S.W.2d 826, 400 S.W.2d 237.

We summarize the material evidence. Hitchhiking a ride with the prosecutor, Roosevelt Payne, when he stopped his 1966 Ford Comet (worth about $900), late at night for a traffic light in Memphis while enroute to get some Kentucky fried chicken at the Chicken Villa, the defendants forcibly held him and took his billfold and about $25, made him drive them around for awhile, then had him stop and forced him outside and abused him physically and fled in his automobile. He hailed a police

cruiser and told Policeman Robert E. Haire what had happened. The next morning he related all the details to Detective William M. Mosley and accompanied him that day or the next to Osceola, Arkansas where he identified the defendants who were in custody there and his billfold and automobile which were in their possession when arrested by Arkansas authorities.

The only evidence introduced by the defendants was the testimony of Waverly Aldridge, who said that when he and William Aldridge got in the prosecutor's car he asked them where they were going and they told him they were looking for some girls; that after driving around awhile unsuccessfully they suggested that they continue their quest for girls "over in Arkansas, that's where we go all the time"; that the prosecutor said he only had $4.00 and had to get his wife some chicken with that but agreed for them to use his car for the Arkansas expedition and, because William Aldridge had no driver's license, also permitted William to take his (the prosecutor's billfold containing his driver's license but no money, and got out of the car at a Memphis tavern to wait for them to return; that in Arkansas he and William started drinking and were arrested for speeding on the way back to Memphis; that William told the officers his name was Roosevelt Payne because he was using Roosevelt's driver's license; that they did not abuse or rob the prosecutor and he loaned them his billfold and automobile; and that they intended to bring a girl back with them for him "but we didn't run up on the ones that we can bring back here, so that's the reason that we came back by ourselves."

By other Assignments of Error the defendants complain, as they did in their motions for a new trial, that the trial judge erroneously permitted Policeman Robert E. Haire and Mrs. Pearl Payne, the prosecutor's wife, to testify over defense objection, the grounds of the objection being that their names were not listed on the indictment and were not furnished upon defense counsel's request for the names of the State's witnesses.

██ ██ While T.C.A. sec. 40-1708 makes it the duty of the foreman of the Grand Jury to endorse on the indictment the names of the witnesses sworn by him, there is nothing in this record to show that either Officer Haire or Mrs. Payne testified before the Grand Jury. T.C.A. sec. 40-2407 imposes upon the District Attorney General the duty to endorse on each indictment or presentment, at the term at which the same is found, the names of such witnesses as he intends shall be summoned in the cause. These statutes are directory only. McBee v. State, 213 Tenn. 15, 372 S.W.2d 173, cert. den. 377 U.S. 955, 84 S.Ct. 1633, 12 L.Ed.2d 499; Douglass v. State, 213 Tenn. 643, 378 S.W.2d 749; Mendolia v. State, 192 Tenn. 656, 241 S.W.2d 606. A witness is not disqualified to testify because his name does not so appear. McBee v. State, *supra.* And the State is not limited to those witnesses whose names are endorsed upon the indictment. Douglass v. State, *supra.* ''The reason for the rule requiring the names of witnesses to appear on the indictment is to make known to the defendant the names of such witnesses who will be called to testify so that the defendant will not be surprised and handicapped in the preparation of his case.'' McBee v. State, *supra.*

The substance of Officer Haire's testimony was that the prosecutor ran out in the street yelling and waving his arms and waved him down and said that his car had been stolen; that he and his partner let the prosecutor ride in the patrol car to another part of town, "We put out a description on the car," and advised him to report the matter to the Robbery Division at Police Headquarters. Mrs. Payne testified that about 11:15 or 11:20 that night she sent the prosecutor to the Chicken Villa to get some Kentucky fried chicken; that he returned about 12:30 or 1:00 o'clock with his face slightly swollen and said that on his way to the Chicken Villa he gave some boys a ride and they made him go somewhere in South Memphis and beat him up and took his car and all of his money; and that she did not know she was going to be called to testify until shortly before taking the witness stand. The testimony of Officer Haire and Mrs. Payne was material, since they in a measure corroborated the prosecutor. So, we must say whether, either separately or together, failure to endorse the names of Officer Haire and Mrs. Payne on the indictment, and to give their names to defense counsel upon request before trial, constituted prejudicial error.

■ Defense counsel cross-examined Officer Haire and Mrs. Payne at great length. There is nothing in their testimony to suggest that either of them had any relevant knowledge other than what they related. Differently stated, the record contains nothing so much as intimating that the testimony of either of them would have been otherwise if defense counsel had been able to interview and interrogate them before the trial.

Thus, as we see it, in the context of this particular case the defendants were not prejudiced by the State's erroneous omission to list those two witnesses on the indictment.

"These matters are addressed to the sound discretion of the trial court, but we think it would be a clear abuse of discretion such as would entitle the defendant to a new trial for the trial court to permit the county attorney to withhold the names of important witnesses until the case is called for trial, and then refuse a continuance in order to permit the person on trial to be able to meet the testimony of the witnesses so indorsed, if a reasonable showing is made that he could be able to have such testimony or such witnesses. Common fairness would not permit a practice of this kind." Nelson v. State, 5 Okl.Cr. 368, 114 P. 1124.

"The statute * * * requires that the names of all material witnesses must be indorsed on the indictment. But it [unlike the Tennessee statute] also says that other witnesses may be used by the state. This does not mean that the state may purposely refrain from so indorsing the names of its witnesses and call them as a surprise to the defendant, and the practice of waiting until the case is called for trial to make such indorsement is not to be commended. State v. Kuebler (Mo.Sup.) 14 S.W.2d 449, 451. However, we have uniformly held that under said statute we will not reverse for failure to so indorse witnesses' names, unless there is a showing that the defendant has been prejudiced by reason of such failure." State v. Lindsey, Mo., 80 S.W.2d 123.

■ We are not unmindful of the time-honored and salutary rule of law that a public prosecutor is not a plaintiff's attorney, but a sworn minister of justice, as much bound to protect the innocent as to pursue the guilty, and that he has no right to suppress testimony. Weller v. People, 30 Mich. 16 (1874); Jackson v. Wainwright, 390 F.2d 288 (5th Cir. 1968).

■ However, we are of opinion and hold that, while it was plain error for the State to fail to disclose, and thus withhold, the names of these witnesses from the defense upon request for the names of the State's witnesses not appearing on the indictment, a practice fraught with grave constitutional peril (even if the request was not formalized in writing as it should have been), the error in this instance was harmless beyond a reasonable doubt. Harrington v. California, 395 U.S. 250, 89 S.Ct. 1726, 23 L.Ed.2d 284; Chapman v. California, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed2d 705; Fahy v. Connecticut, 375 U.S. 85, 84 S.Ct. 229, 11 L.Ed.2d 171; McCravey v. State, 221 Tenn. 237, 426 S.W.2d 174. The prosecutor's testimony standing alone was fully sufficient to support conviction of the defendants for robbery; certainly it abundantly sustains their conviction of larceny. Robbery is but an aggravated larceny. Watson v. State, 207 Tenn. 581, 341 S.W.2d 728. And, while denying robbing the prosecutor or taking any of his money, Waverly Aldridge admitted that he and William were with the prosecutor, as testified by him, and that he "loaned" them his car and billfold.

Upon consideration of the entire record, viewed in the light of the rules governing appellate review, by which we

are bound, manifestly the defendants have failed to carry their burden of demonstrating here that the evidence preponderated against the verdict of the jury and in favor of their innocence.

■ We reject as altogether untenable the defendants' Assignment charging the trial court with error in overruling their request to inspect the written statement the prosecutor gave to Detective William M. Mosley of the Memphis Police Department. It is expressly provided in T.C.A. sec. 40-2044, relating to the right of the defendant or his attorney to inspect and copy designated books and papers and documents in the possession of the State, that such right does not apply "to any oral or written statement given to any such officer or attorney for the state or his agent by *any witness other than the defendant.*" (Emphasis supplied).

■ Likewise unmeritorious is the defendants' seventh Assignment of Error by which they advance and urge the contention that the court erred in overruling the objection to the introduction of the prosecutor's written statement made to Detective Mosley, and that the State should not have been allowed to ask Mosley to "identify" the statement in the presence of the jury. In the first place, that written statement was not introduced. Moreover, the defendants' counsel separately cross-examined the prosecutor extensively. In reality this Assignment is merely an extension of the complaint made in the preceding one. Although we are firmly of opinion that it was very improper to permit the Assistant District Attorney General to have Detective Mosley identify the prosecu-

tor's written statement before the jury, we do not believe that the defendants were prejudiced thereby.

■ Upon conviction of grand larceny, the defendants were sentenced to not more than five years in the penitentiary. The statutory punishment for grand larceny is imprisonment in the penitentiary for not less than three nor more than ten years. TCA sec. 39-4204. When the jury fixes only the maximum term of imprisonment (as it should) and the judgment of the court does likewise, in cases where imprisonment is subject to the indeterminate sentence law, this Court has the authority and duty to modify the sentence so as to specify both the minimum and maximum term of imprisonment. Davis v. Davis, Tenn.Cr.App., 445 S.W.2d 933. Accordingly, the judgments in this case are modified to provide that the defendants are sentenced to imprisonment for not less than three nor more than five years in the State Penitentiary.

As thus modified, the judgments of the trial court are affirmed.

Walker, P. J., and Mitchell, J., concur.