22

THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* FABIÁN DECLET MALDONADO, Defendant and Appellant.

No. 10678.   Argued December 18, 1944.—Decided May 21, 1945.

*V. M. Sánchez Fernández* for appellant.   *R. A. Gómez, Prosecuting Attorney (Fiscal),* and *Luis Negrón Fernández, Assistant Prosecuting Attorney,* for appellee.

MR. JUSTICE DE JESÚS delivered the opinion of the court.

The appellant herein was charged with burglary in the first degree for having unlawfully, wilfully, and maliciously on the night of March 19, 1943, broken into the house of Félix Pérez Villanueva and having taking away a trunk containing $250 and men's clothing.

The prosecuting witness, Félix Pérez Villanueva, testified that on the night of March 19, 1943, a trunk where he kept $250 and men's clothing had disappeared from his home; that he notified the police; that a few days later the appellant was brought before him as the alleged author of the crime; that at first the appellant denied having taken part in the acts charged against him, but that later he was taken to police headquarters in Bayamón and after having been examined by the police corporal Manuel Laureano Negrón and a policeman, he voluntarily confessed, in the presence of the policeman and of the witness, that at eight o'clock on the night of March 19, 1943, he broke into the house of the prosecuting witness and stole the trunk in question, carrying it to a cane field, where aided by a candlelight and some matches which he carried with him, he opened it and took the money out, leaving the trunk and the clothes there; that guided by the information of the appellant they went to the cane field pointed out by him and found there the trunk, a piece of candle, and a matchbox, the prosecuting witness being able to recover part of the money which the defendant still had in his possession. As to the rest of the money the appellant testified that he had invested it in a house which cost him $90. The prosecuting witness also testified that no violence or threats were exercised by the police in order to obtain the confession.

Another witness for the government, Corporal Manuel Laureano Negrón, testified that the confession had been voluntary and corroborated the prosecuting witness' testimony.

Defendant himself testified that he had bought the house in question; that Ciriaco Meléndez, his neighbor—with whom he alleged not to have friendly relations,—gave him $160 for the purchase of a house, that he bought one for $90 in the name of said neighbor, and when he was arrested by the police he still had about seventy dollars left which were delivered to the prosecuting witness. He admitted having made the confession, but testified that he had confessed under violence exercised by the police.

The jury found him guilty and this appeal has been taken from the judgment rendered by the lower court. In support thereof he alleges that the *corpus delicti* was not duly proved and that the confession was not voluntary, because it had been given under violence.

■ Where, as in the present case, the only evidence against a defendant is an extrajudicial confession, it is indispensable to establish, in order to sustain a conviction, (1) the *corpus delicti* (2) that the confession was voluntary.

■ In this case the proof of the *corpus delicti* arises from the testimony of the prosecuting witness, to the effect that he had a trunk under his bed containing his clothes and two hundred and fifty dollars in cash, and that the trunk together with its contents had disappeared from his home. Since the injured person did not dispose of the trunk in any manner, we must conclude that its disappearance was due to the act of a criminal agent, who at some time during the day or the night, broke into the house and stole it. As stated in Underhill's Criminal Evidence (4th ed.), § 37, p. 45, the *corpus delicti* may be proved by circumstantial evidence from which the jury may reasonably infer that a crime has been committed.

So far, the burglary may be in the first or second degree, according to whether it was committed in the day-time or night-time. The only purpose in requiring proof of the *corpus delicti* is to establish that a crime has been committed, but the degree of the crime need not appear from the evi-

dence tending to establish the *corpus delicti*. The degree may be proved by the evidence which tends to connect the defendant with the commission of the offense, whether it be an extrajudicial confession or any other proof adduced to that end. Thus we have that in cases of unlawful death the *corpus delicti* is confined to prove that the death has been the act of a criminal agent, and this, plus the evidence tending to connect the accused with the commission of the offense, establishes whether the killing constitutes murder in the first or second degree, or manslaughter, either voluntary or involuntary, as the case may be.

The *corpus delicti* having been proved, we have only to connect the defendant with the commission of the crime.

The only evidence which connects the defendant with the commission of the crime is the extrajudicial confession introduced in evidence against him. As we have already said, in order that an extrajudicial confession be admissible, its voluntary character must be proved. The evidence of the confession consists of two stages. The first one concerns the judge exclusively. When the confession is offered in evidence, the judge should hear the evidence tending to show whether or not the confession was voluntary. The best practice is to accomplish this in the absence of the jury. If the judge decides, as a matter of law, that there is sufficient evidence to go to the jury on the question of the voluntariness of the confession, he shall call the jury, if the latter has been withdrawn, and then the jury will hear the evidence as to the confession, it being the province of the jury to determine then, as a question of fact, whether or not it was voluntarily given. If in its opinion it was not voluntary, it should disregard it. *Brown* v. *State*, 132 S. W. (2d) 15 (Ark., 1939); *People* v. *Jones*, 150 P. (2d) 801 (Cal., 1944); *People* v. *Machul*, 56 N. E. (2d) 811 (Ill., 1944); *Commonwealth* v. *Sheppard*, 48 N. E. (2d) 630 (Mass., 1943); *Kidd* v. *State*, 136 P.(2d) 210 (Okla., 1943); *Wynn* v. *State*, 181

S. W. (2d) 332 (Tenn., 1944); *State* v. *Crank,* 142 P.(2d) 178 (Utah., 1943); 3 Wigmore on Evidence, § 861, p. 345. The burden of proof as to the voluntary character of the confession, as a question of fact, is on the government. *People* v. *Dones,* 56 P.R.R. 201 (1940).

█ In the case at bar, when the district attorney began to prove the confession, the defense immediately addressed to the court in the following terms:

"We move the court not to allow this witness to proceed until it is proved how the defendant made the confession."

To which the court replied:

"The court overrules the objection and grants an exception to the attorney."

As it may be noted, even though the voluntary character of the confession was challenged, the judge admitted it in evidence without previously determining whether it was really admissible, as in order to so decide he had to hear the evidence on the voluntariness of the confession. This error could have been considered as harmless if the court had charged the jury clearly and specifically that it was incumbent upon them to determine whether the confession had been voluntarily made and that the burden of proof was on the government to show that the confession was voluntary, *People* v. *Dones, supra;* but the court failed to do this, and it merely charged the jury that in order for the confession to be admissible in evidence it had to be voluntary.[1]

---

[1] The judge instructed the jury, thus:

"The rule that a confession may not be admitted in evidence if the *corpus delicti* is not proved is applicable to cases where the crime was actually committed and not where there was an attempt to commit the offense.

"The confession of the defendant is admissible as evidence against him if it was made voluntarily: without violence, duress, threats, inducements or promises of any kind which may have influenced him."

Moreover, he gave the general instruction that it was incumbent on the jury to settle the conflict of the evidence and weigh the credibility of the witnesses.

In view of the fact that the judge, in the presence of the jury, rejected defendant's contention to the effect that no evidence as to the extrajudicial confession be received without previously establishing its voluntary character—in the absence of a specific charge that it was their duty to determine whether or not the confession was voluntary—the jury may have rationally understood that the judge admitted it because he thought it was voluntary and therefore it was admissible, like the rest of the evidence they had received. Since the jury was not instructed either that the burden of proof to establish the voluntary character of the confession rested on the government, the jury may have also believed that said burden rested on the defendant and relieve the government from his obligation to establish that fact.

The case being tried by a jury, it must be presumed that these errors were prejudicial to the substantial rights of the defendant. Cf. *People* v. *Márquez,* 64 P.R.R. 354, 365. And it being so, the judgment should be reversed and the case remanded to the lower court for a new trial.

