Willie Ray SMITH, Plaintiff-in-Error,

v.

STATE of Tennessee, Defendant-in-Error.

Court of Criminal Appeals of Tennessee.

Jan. 15, 1976.

Certiorari Denied by Supreme Court
Feb. 23, 1976.

Hughie Ragan, Jackson, for plaintiff in error.

R. A. Ashley, Jr., Atty. Gen., John F. Southworth, Jr., Asst. Atty. Gen., Nashville, George W. Hymers, Dist. Atty. Gen., Howard F. Douglass, Asst. Dist. Atty. Gen., Jackson, for defendant in error.

DUNCAN, Judge.

## OPINION

The defendant, Willie Ray Smith, brings this appeal contesting his conviction in the Madison County Criminal Court for the offense of forgery. The defendant received a jail sentence of 11 months and 29 days.

The defendant's five assignments of error can be reduced to two basic complaints. First, that his alleged confession should not have been admitted into evidence, and second, that the evidence is insufficient to support his conviction.

With respect to his confession complaint, the defendant particularly argues that the trial court erred by refusing his request to hold a hearing out of the presence of the jury on the admissibility of his alleged confession.

Officer Bobby Holt testified that he obtained a confession from the defendant. When the officer began his testimony, the defendant's counsel requested that he be allowed an evidentiary hearing out of the presence of the jury on the question of the voluntariness of the confession. The court refused the request and permitted the officer to testify in the presence of the jury regarding his interrogation of the defendant. The officer stated that he advised the defendant of his rights and had him execute a form containing his Miranda warnings and a waiver with respect thereto. The officer then read the defendant's statement to the jury, as follows:

"On Tuesday or Wednesday, April 8 or 9, 1975, I went to the First National Bank and the man at the bank gave me five blank checks. I left and met Paul Puckett on Institute Street and we went over to my house on Liberty.

"I wrote a check in the amount of $65.79 made payable to Willie Lee Reid and signed it William Ford. Paul and I went over to Super Save on Hays. I got Paul to go in and try to cash the check and I waited outside. Paul came back out and told me they took the check from him. I then left there and went to a friend's house in East Jackson and Paul left too and said he was going home."

The alleged confession was placed in evidence before the jury without the trial judge making any stated findings that the confession was given freely and voluntarily, or that the defendant had been adequately advised of his rights; likewise, no stated finding was made that the defendant had validly waived his rights. The trial judge gave no instructions to the jury at that point nor later in his written charge as to what the function of the court was with respect to the admissibility of a confession, or as to how the jury should treat a confes-

sion once it was found admissible by the court. By not holding a hearing on the admissibility of the questioned confession, and by not making an express ruling as to its admissibility, the court, in effect, left the question of its admissibility up to the jury.

 When a confession is offered in evidence, its competency becomes a preliminary question to be determined by the court, and it is error to submit the admissibility of a confession to the jury. *Self v. State,* 65 Tenn. 244 (1873); *Omohundro v. State,* 172 Tenn. 48, 109 S.W.2d 1159 (1937); *Wynn v. State,* 181 Tenn. 325, 329, 181 S.W.2d 332–33 (1944). Of course, once the court determines that a confession is admissible, its weight is for the jury. As was stated in *Wynn v. State,* supra:

"A confession being admitted, its weight is of course a matter for the jury. That is, the jury is to determine whether defendant made the confession and whether the statements contained in it are true. To aid them in resolving these questions the jury may hear evidence of the circumstances under which the confession was procured."

The procedure to be followed in passing upon the admissibility of evidence, where objection is made, is outlined in *Hill v. State,* 211 Tenn. 682, 687, 367 S.W.2d 460, 462 (1963), as follows:

"The procedure to be followed in passing upon the legality of a search and the admissibility of evidence thus obtained is the same as that followed when objection is raised as to the admissibility of a confession or a dying declaration. *Goodwin v. State,* supra; *Wynn v. State,* 181 Tenn. 325, 329, 181 S.W.2d 332. In each of these situations mixed questions of law and fact which are to be determined by the Trial Judge are presented. If the evidence is admitted, it is for the jury to say what weight will be given it. In each instance, when an objection is made to the offered evidence, the approved practice is for the Court to hear full testimony of all the relevant facts and circumstances in the absence of the jury and

then rule upon the admissibility of the testimony offered. *Dickason v. State,* 139 Tenn. 601, 606, 202 S.W. 922; *Goodwin v. State,* supra; *Wynn v. State,* supra; *Turner v. State,* 187 Tenn. 309, 314, 213 S.W.2d 281."

Addressing this question in *Mitchell v. State,* 3 Tenn.Cr.App. 153, 160, 458 S.W.2d 630, 633 (1970), the court said:

"A defendant who objects to the admission of a confession alleged to have been given by him is entitled to a fair hearing in which both the underlying factual issues and the voluntariness of the confession are actually and reliably determined. Such determination should be made prior to the admission of the confession to the jury adjudicating guilt or innocence. *Jackson v. Denno,* 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908."

We recognize that after the decision in *Jackson v. Denno,* supra, the United States Supreme Court, in *Pinto v. Pierce,* 389 U.S. 31, 88 S.Ct. 192, 19 L.Ed.2d 31 (1967) said: "This court has never ruled that all voluntariness hearings must be held outside the presence of the jury, regardless of the circumstances." It should be noted, however, that in the *Pinto* case the defendant did not object to the voluntariness hearing before the jury but, in fact, acquiesced in that procedure.

In *McCravey v. State,* 221 Tenn. 237, 240, 426 S.W.2d 174–75 (1968), our Supreme Court quoted approvingly from *United States v. Carignan,* 342 U.S. 36, 72 S.Ct. 97, 96 L.Ed. 48 (1951), as follows:

"The United States concedes in regard to the third issue that the better practice, when admissibility of a confession is in issue, is for the judge to hear the defendant's offered testimony in the absence of the jury as to the surrounding facts."

We do not think this court's decision in *Haggard v. State,* 4 Tenn.Cr.App. 620, 475 S.W.2d 186 (1971), cited in the State's brief, is any authority for the proposition that our courts have departed from the long-standing rule that hearings on the voluntariness of confessions must be out of the presence

of the jury. That case involved a post conviction petition, and one of the petitioner's complaints was that in his original trial the trial court had not held a hearing, in the absence of the jury, to determine the voluntariness of his and his co-defendant's confessions. The court did quote in its opinion the statement above set forth from *Pinto v. Pierce,* supra, but the court's actual ruling in rejecting the complaint was based on the fact that the admissibility of the confessions had been previously determined by the Supreme Court's decision on the original appeal in *Ledger and Haggard v. State,* 199 Tenn. 155, 285 S.W.2d 130 (1955).

■ Perhaps circumstances could arise where it would not be prejudicial to a defendant for the court to conduct a hearing, in the presence of the jury, to determine if a confession was voluntarily and freely given; however, we think it would be a rare instance when such circumstances would be present.

We suggest one or two incongruities that can occur in such a "jury present" hearing. First, if after hearing all the evidence on the question, the court decides that the confession is inadmissible, then the harm done is irretrievable because the jury has already heard all of the incompetent proof. Second, if it be a case where the defendant does not intend to testify before the jury in his own defense on the merits of the case, as was the situation in the present case, then he is placed in an untenable position. Either he is forced to testify on the preliminary question, and thus expose himself to the jury in order to advance his position as to why the question should be resolved in his favor, or he is forced to forego his own testimony on the question so as to assert his right not to testify before the jury. Thus, he is either deprived of his constitutional right not to be a witness against himself, or he is deprived of his right to give the court his testimony on the preliminary question.

The above illustrations show the underlying reason for the rule that these preliminary questions should be resolved by the court, out of the jury's presence.

■ We do not hold that it would be reversible error in every case where the court failed to grant a hearing out of the presence of the jury on the question of the admissibility of a confession or other evidence. Under some circumstances, it could amount to no more than harmless error; however, in the instant case, we are of the opinion that the defendant was not afforded an opportunity for a fair hearing on this question. The court permitted this evidence to come before the jury as evidence in chief, without even considering it as a preliminary matter. Since the defendant chose to exercise his right not to testify before the jury, he was denied any opportunity to offer his testimony on what should have been nothing more than a preliminary question before the court; furthermore, the court did not make any definitive ruling that the alleged confession was admissible and, in effect, left the question of its admissibility up to the jury. This, coupled with the fact that the court gave no written or oral instructions to the jury regarding their function with respect to the confession and the manner in which they should consider it, convinces us that reversible error has been committed.

With respect to the evidence complaint, the proof showed that in April, 1975, the defendant, in company with Paul Puckett, went to the Super Save Food Store in Jackson. The defendant remained outside while Puckett went in and attempted to cash a check drawn on the First National Bank of Jackson. When the store employee telephoned the bank to verify the check, Puckett walked out of the store, joined the defendant and both walked across the parking lot at a brisk pace. The check was drawn in the amount of $65.79, payable to Willie Lee Reid and signed by the name of William Ford.

The State did not call any witnesses from the Bank to prove whether or not William Ford had an account there. The defendant did not testify or otherwise offer any proof.

Since we have ruled that the defendant's alleged confession was erroneously admitted into evidence, there is no proof remain-

ing to support the defendant's conviction for forgery.

Even had the defendant's statement been properly admitted, there should have been some proof offered to show the fictitiousness of the name which the defendant allegedly affixed to the check. The case of *Keebler v. State,* 3 Tenn.Cr.App. 447, 463 S.W.2d 151 (1970), quotes liberally from 49 A.L.R.2d 852, 855, in explaining various ways in which it can be established that a check is fictitious or that the purported maker does not exist. As one of the ways, it is stated that if a proper officer of the drawee bank testifies that such person has no account in the bank, then that is prima facie evidence that such person is non-existent.

We hold that the defendant's alleged confession was improperly admitted into evidence, and that the competent evidence in this record is insufficient to support the defendant's conviction.

The assignments of error are sustained and the defendant's conviction is reversed. This case is remanded to the trial court for a new trial.

WALKER, P. J., and RUSSELL, J., concur.