STATE of Tennessee, Petitioner,

v.

Ronald W. PURSLEY, Respondent.

Supreme Court of Tennessee.

Feb. 28, 1977.

Rehearing Denied April 11, 1977.

R. A. Ashley, Jr., Atty. Gen., John F. Southworth, Jr., Asst. Atty. Gen., Nashville, J. William Pope, Dist. Atty. Gen., Pikeville, for petitioner.

Harold Brown, William Brown, Chattanooga, for respondent.

OPINION

HENRY, Justice.

This case presents the issue of whether the trial judge erred in failing to make a *conclusive* determination of the voluntariness and admissibility of a criminal defendant's confession, prior to its submission to the jury. The Court of Criminal Appeals unanimously concluded that the procedure employed by the trial judge in determining the admissibility to the defendant's confession was improper. We affirm.

I.

Defendant's conviction for first degree murder was based, in substantial part, upon

his confession. Prior to the trial of this case, the defendant moved to suppress his confession, contending that it had been obtained through coercion. A pre-trial admissibility hearing was conducted for the purpose of determining voluntariness of the confession, and numerous witnesses were called to testify. At the conclusion of this hearing, the trial judge stated: "I'm going to overrule your motion at the present time." The trial then proceeded, with some duplication of proof as to the voluntariness of the defendant's confession. Finally, in his instructions to the jury, and after stating the general rules for the admissibility of confessions, the trial judge charged:

Ordinarily, the question as to whether a confession is voluntary or not is one mixed law and fact (sic), to be decided by the Court, but, in this case, under all the facts and circumstances the Court submits to you for your determination from all the evidence, whether, first, was there, in fact, a confession as I have defined it herein; and second, whether if made, it was free and voluntary. . .

Implicit in the fact that the trial judge overruled the defendant's motion to suppress his confession is the conclusion that he considered it to have been voluntarily obtained. Nonetheless, the instructions quoted *supra*, indicate that he was in doubt as to the voluntariness of the confession at the close of the proof, since the jury was also allowed to pass upon this question.

We granted certiorari to consider the correctness of the trial judge's actions, and to clarify what we perceive to be a source of some confusion as to the proper procedure concerning the admissibility of confessions in this state.

## II.

■ The clear weight of authority in Tennessee requires that in determining the admissibility of a criminal defendant's confession, the initial decision as to its voluntariness is to be made by the trial judge alone. *Wynn v. State*, 181 Tenn. 325, 181 S.W.2d 332 (1944). Quoting from an early opinion in *Self v. State*, 65 Tenn. 244 (1873), Chief Justice Grafton Green, in *Wynn, supra*, approved the following language:

When confessions are offered as evidence, their competency becomes a preliminary question, to be determined by the court. This imposes upon the presiding judge the duty of deciding the fact whether the party making the confession was influenced by hope or fear. This rule is so well established, that if the judge allowed the jury to determine the preliminary fact, it is error, for which the judgment will be reversed. (citation omitted). 181 Tenn. at 328, 181 S.W.2d at 333.

■ Thus, when objection to the admissibility of a confession is raised, the proper procedure is to conduct a hearing outside the presence of the jury, at the conclusion of which the trial judge determines the question of admissibility with "unmistakable clarity." See *Sims v. Georgia*, 385 U.S. 538, 87 S.Ct. 639, 17 L.Ed.2d 593 (1967). This procedure, sometimes referred to as the "orthodox" rule, has long been accepted by courts in Tennessee as the proper method of determining the admissibility of a criminal defendant's confession. See *Wynn v. State*, 181 Tenn. 325, 181 S.W.2d 332 (1944); *Self v. State*, 65 Tenn. 244 (1873); *Boyd v. State*, 21 Tenn. 39 (1840).

■ Under the "orthodox" rule, the admissibility of a confession is not a proper matter for submission to the jury, however, once admitted, the weight to be given a confession does become a matter for the jury's consideration. As stated by the Court in *Wynn, supra*, the jury's purpose

is to determine whether defendant made the confession and whether the statements contained in it are true. To aid them in resolving these questions the jury may hear evidence of the circumstances under which the confession was procured. 181 Tenn. at 329, 181 S.W.2d at 333.

A substantial number of jurisdictions apply what is known as the "Massachusetts"

rule in determining the admissibility of a criminal defendant's confession. Under this rule, after the trial judge has initially determined the admissibility of a confession, the jury is allowed to reconsider its admissibility by independently assessing the evidence of its voluntariness. The jury, if it finds the confession to have been freely and voluntarily given, may then consider the truthfulness of the confession. The distinctions between these two rules as well as the procedures adopted by the various jurisdictions which apply them, are the subject of an annotation entitled, "voluntariness of confession admitted by court as question for jury," in 85 A.L.R. 870 (1933), and supplemented in 170 A.L.R. 567 (1947). See also *Jackson v. Denno*, 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908 (1964), Appendix A.

Both the "orthodox" and the "Massachusetts" rules have been upheld as against due process challenges under the Federal Constitution. See *Jackson v. Denno, supra.* Unquestionably, as pointed out *supra,* Tennessee adheres to the "orthodox" rule. However, use of the "Massachusetts" rule, by inadvertence or otherwise, has not previously been considered as constituting reversible error in Tennessee. See, e. g. *Beaver v. State*, 220 Tenn. 133, 414 S.W.2d 841 (1967); *Shafer v. State*, 214 Tenn. 416, 381 S.W.2d 254 (1964).

### III.

The trial judge, in the instant case, instructed the jury that it was to determine both the admissibility *and* credibility of the defendant's confession, despite the fact that he had previously made his own independent, final determination as to admissibility. Although such a procedure does contravene Tennessee's "orthodox" rule, the State insists that it merely constitutes harmless error under the circumstances of this case. The State's argument is based upon the rationale that since the trial court initially determined at the suppression hearing that the confession was voluntary, re-submission of the admissibility issue to the jury merely converted the "orthodox" procedure into the "Massachusetts" rule, a mistake which previous Tennessee courts have refused to consider as constituting reversible error.

Reliance is placed upon *Shafer v. State*, 214 Tenn. 416, 381 S.W.2d 254 (1964), a case which involved a search and seizure suppression hearing. The Court, equating such procedures to those involved in the determination of admissibility of confessions reasoned that:

> [i]f the Trial Judge went further in this case and applied what is termed as the "Massachusetts or Humane Rule" referred to in *Jackson v. Denno*, that would not be a denial of due process under the ruling of the United States Supreme Court in that case, *nor would it be reversible error.  .  .  .*

The defendants could not possible be harmed by having the jury in addition to the Trial Judge pass upon the legality of the search in this case. (Emphasis supplied). 214 Tenn. at 431, 381 S.W.2d at 261.

Subsequently, in *Beaver v. State*, 220 Tenn. 133, 414 S.W.2d 841 (1967), the Court again considered the effect of such an instruction.

> We in *Shafer v. State*, 214 Tenn. 416, 381 S.W.2d 254, discuss this procedure of the court and the jury both passing upon the legality of searches and confessions and determine that *it certainly wasn't error and no harm was done the defendant.* As a matter of fact he was getting the best of the situation. (Emphasis supplied). 220 Tenn. at 147, 414 S.W.2d at 848.

After carefully reviewing the procedures employed by the trial judge in the instant case, we are unable to concur with the State's reliance upon *Beaver v. State, supra,* and *Shafer v. State, supra,* to the effect that any error was harmless. *Jackson v. Denno*, 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908 (1964), requires that the determination of voluntariness of a confession must be resolved separately from the issue of its reliability or weight, and that such a determination cannot be made solely by the convicting jury.

Although the "Massachusetts" rule itself was specifically approved in *Jackson v. Denno, supra,* the use of such a rule, as previously discussed, assumes that the trial judge has already made his own independent and final determination as to voluntariness. In the present case, after denying the defendant's motion to suppress the confession "at the present time," the trial judge subsequently instructed the jury that "[o]rdinarily, the question as to whether a confession is voluntary or not is . . . to be decided by the Court, but, in this case, under all the facts and circumstances the Court submits to you for your determination from all the evidence" whether the confession was voluntarily given. The unmistakable conclusion to be drawn from such a charge is that the trial judge was abdicating his responsibility of making a final determination and, as suggested by the Court of Criminal Appeals, was in doubt as to the voluntariness of the confession. Under these circumstances, the trial judge did not, with "unmistakable clarity," make his own independent determination as to the voluntariness of the defendant's confession.

■ In holding that the trial judge erred by submitting the questions of voluntariness *and* reliability of the defendant's confession to the jury for its sole determination, we also expressly reaffirm the use of the "orthodox" rule. Specifically, we herein adopt that version of the rule as stated in *Wynn v. State,* 181 Tenn. at 328, 181 S.W.2d 332, as the proper procedure to be employed in this state with regard to the admission of a criminal defendant's confession. To the extent that *Beaver v. State, supra,* and *Shafer v. State, supra,* have applied a standard which differs from this "orthodox" rule, we hereby disapprove the use of such procedures in all future cases. In so doing, we note that the "Massachusetts" rule and other similar procedures, even if considered not to be prejudicial to a criminal defendant, are nonetheless prejudicial to the State, which in our adversary system of criminal justice, is also entitled to receive a fair trial, free from undue prejudice. Cf. *Corlew v. State,* 181 Tenn. 220, 180 S.W.2d 900 (1944).

The judgment of the Court of Criminal Appeals is hereby

Affirmed.

COOPER, C. J., and BROCK, J., concur.

FONES and HARBISON, JJ., dissent.

FONES, Justice, dissenting.

I cannot agree that the trial judge committed reversible error in this case.

In my opinion, the trial judge found that defendant confessed freely and voluntarily. Had he not done so, it was his duty to suppress the confession and exclude from the jury any consideration of voluntariness or truthfulness.

It seems to me that the majority places undue significance upon the trial judge's addition of the phrase "at the present time," to his statement overruling the motion to exclude the confession.

I agree that the charge allowed the jury to reconsider the voluntariness of the confession, thus adhering to the "Massachusetts" rule rather than the "orthodox" rule. I agree that in Tennessee we have had, and should continue to adhere to, the "orthodox" rule.

The United States Supreme Court has approved the "Massachusetts" rule as well as the "orthodox" rule. I do not believe that Court intended the expression "unmistakable clarity," used in *Sims v. Georgia, supra,* with regard to the trial judge's independent determination of the voluntariness, to be so narrowly and rigidly construed. That observation is based upon a careful reading of both *Jackson v. Denno, supra,* and *Sims,* and particularly the following from the latter case:

"Furthermore, Georgia's highest court, in finding that its rule satisfied the requirements of *Jackson,* overlooked the fact that the same safeguards offered by the Georgia practice were present in the procedures of New York in *Jackson* and

were rejected by this Court. A constitutional rule was laid down in that case that a jury is not to hear a confession unless and until the trial judge has determined that it was freely and voluntarily given. The rule allows the jury, if it so chooses, to give absolutely no weight to the confession in determining the guilt or innocence of the defendant but it is not for the jury to make the primary determination of voluntariness. Although the judge need not make formal findings of fact or write an opinion, his conclusion that the confession is voluntary must appear from the record with unmistakable clarity. Here there has been absolutely no ruling on that issue and it is therefore impossible to know whether the judge thought the confession voluntary or if the jury considered it as such in its determination of guilt." 87 S.Ct. at 643.

But, if it be conceded that the trial judge failed to comply with the dictates of *Sims,* reversal of this case is unwarranted for the reasons expressed in the quotes from *Shafer v. State, supra,* and *Beaver v. State, supra,* in the majority opinion.

Lack of prejudice to the defendant seems to be conceded by the majority, but it is said, that, if the defendant was not prejudiced, the State was. No assignment of error has been made by the State on the basis that it was prejudiced. To the contrary, it asserts that the error was in favor of defendant and that it was harmless. It is fundamental that a defendant is not prejudiced by error in his favor. *Sullivan v. State,* 513 S.W.2d 152 (Tenn.Cr.App.1974). Also see *State v. Collins,* 528 S.W.2d 814 (Tenn.1975) and cases cited at 819.

However, it appears more likely that the majority reverses because *Shafer v. State, supra,* and *Beaver v. State, supra,* held a departure from the "orthodox" rule to be harmless error and, implicitly, we must never do so again, to insure strict compliance with that rule.

Both defendant and the State have had a fair trial. I am convinced that the technical error in applying the "Massachusetts" rule was harmless, beyond a reasonable doubt and to a moral certainty.

I would reverse the Court of Criminal Appeals and reinstate the judgment of the trial court finding defendant guilty of murder in the first degree and sentencing him to life imprisonment.

I am authorized to say that Justice Harbison joins in this dissent.

## OPINION ON PETITION TO REHEAR

HENRY, Justice.

The State has petitioned us to rehear this case, and to reconsider the opinion which we rendered in the same.

The State's petition presents two issues for our consideration.

First, the State renews its contention that the trial judge made a final determination of the admissibility of Pursley's confession with "unmistakable clarity," citing several portions of the Bill of Exceptions and of the Wayside Bill of Exceptions in support thereof. In response, we can only reiterate what we stated in our Opinion: It is our considered belief that the judge's statements at trial, and in particular his charge to the jury, indicate that he abdicated his responsibility to make an independent and final determination of the admissibility of the confession. Such an abdication is clearly improper, under both the "orthodox" and the "Massachusetts" rules.

Secondly, the State asks us to reconsider our opinion to the extent that it is based on a solicitude for the State's interests, in that they do not believe that the relief granted the defendant—a new trial—will prove of benefit to them in this instance. The State's request is based on a misapprehension of the reasons for our decision. Although we believe that, as a general rule, departures from the "orthodox" rule will tend to be prejudicial to the State, that concern does not motivate our holding in the present case. We affirmed the judgment of the Court of Criminal Appeals because we believe that Pursley was preju-

diced by the failure of the trial judge to make an independent determination of the question of admissibility.

For the reasons set forth above, the petition is denied.

COOPER, C. J., and BROCK, J., concur.

FONES and HARBISON, JJ., dissent.