**STATE of Tennessee, Appellee,**

v.

**George CALDWELL, Appellant.**

Court of Criminal Appeals of Tennessee, at Nashville.

March 5, 1985.

542

William M. Leech, Jr., Atty. Gen. & Reporter, Kevin Steiling, Asst. Atty. Gen., Nashville, J. William Pope, Jr., Dist. Atty. Gen., Pikeville, for appellee.

Jerry B. Bible, Jasper, for appellant.

## OPINION

O'BRIEN, Judge.

Defendant was convicted in the Marion County Criminal Court for the offense of grand larceny and was sentenced to serve three (3) years in the penitentiary. Defendant raises three issues: (1) that his confession was unlawfully obtained; (2) that it was error to deny a mistrial requested due to improper and prejudicial cross-examination by the prosecuting attorney; (3) that the jury instruction in reference to confessions was erroneous and did not accurately reflect the standard jury charge on that subject.

We find no error in the admission of defendant's confession. The trial court held a pretrial hearing on a motion to suppress and found defendant's statement was freely, intelligently and voluntarily made.

Defendant's complaint is that the police officers did not record everything he told them, specifically some exculpatory remarks which he had made. In *State v. Robinson*, 622 S.W.2d 62, 71 (Tenn.Cr.App. 1980), this Court stated clearly the law on the subject, citing *Espitia v. State*, 288 S.W.2d 731, 199 Tenn. 696 (1956):

"When a confession is admissible, the whole of what the accused said upon the subject at the time of making the confession is admissible and should be taken together; and if the prosecution failed to prove the whole statement, the accused is entitled to put in evidence all that was said to him and by him at the time which bears upon the subject of controversy including any exculpatory or self-serving declarations connected therewith. *It is for the jury to say what weight shall be given to the several parts of the statement, for they may well believe that part which charges the prisoner, and reject that which tends to exculpate him.*" (Emphasis in original text).

The converse is equally true, a jury may well believe that part which tends to exculpate an accused and reject that which expresses his guilt. However, defendant was not denied the opportunity to introduce any of this evidence to the jury. Most of the exculpatory remarks made by defendant to the police were brought out during cross-examination. The failure of the police to record all that he had to say did not render the recorded portion inadmissible.

We are of the opinion the cross-examination by the Assistant District Attorney General was improper but we have concluded a mistrial was not mandated. A summary of the evidence is essential to the disposition of this issue.

On October 13, 1982 a truck belonging to Clarence Slatton was stolen from a side street near South Pittsburg Memorial Hospital. Five or ten minutes later defendant and Timothy King were seen walking through the hospital parking lot. The truck was found a short time later about two blocks away. The side vent window

had been pried open and the ignition pulled. The truck stalled because a wire to the starter had been broken in the process of pulling the ignition. On his way to investigate the theft, Officer Jim Uselton saw defendant and his companion walking along the road. When Officer Uselton learned two males had been seen in the hospital parking lot, he picked up defendant and Mr. King and returned them to the scene where they were identified. He then arrested both men and advised them of their rights.[1] About two hours later, defendant made a statement implicating himself and King in the truck theft. At trial defendant testified. The prosecutor, on cross-examination, inquired whether his father owned a "dent puller", to which defendant responded "I guess he does. I don't know what he's got." The prosecutor probed further, finally asking, "was you father not caught in Sequatchie County just two weeks later with a dent puller?" In a jury-out hearing the prosecutor argued he was attempting to impeach defendant; he having known that the senior Mr. Caldwell had been arrested with a dent puller in a neighboring town just two weeks after defendant's arrest. The court sustained a defense objection, but overruled a motion for mistrial. He carefully instructed the jury that there was no proof in the record defendant's father had any dent puller after Mr. Stratton's truck was stolen. He instructed them the question propounded by State's counsel should be totally disregarded and asked them if each of them would agree not to consider the question as any proof at all to that fact. Upon their concurrence he reiterated that there was no proof in this record that defendant's father had a dent puller two weeks later or at any time.

We do not agree with the State's insistence that the question propounded by the prosecutor was of minor significance and were it not for defendant's pretrial confession to the offense we are of the opinion the cross-examination assumed the proportions of prejudicial error. However, in de-

fendant's confession he admitted facts which he could not have known had he not been a participant in the theft of the truck. We do not believe the action of the Assistant District Attorney General affected the result of the trial on the merits. Tenn.R. Crim.P. 52(a).

■ Defendant further says that the jury instructions delivered by the court on the subject of confession was contrary to the law. We find this to be true, but do not find the action of the trial court to be reversible error. At the conclusion of the pretrial hearing on the motion to suppress the trial court ruled that the confession was admissible. He then volunteered that he was going to amend the standard charge on confessions which he did not think was adequate. In the course of the jury instructions he delivered the following charge on the subject of confessions:

"It is not (sic) necessary that I charge you the law relative to confessions. A confession is a statement made by a person admitting that he has committed or participated in the commission of a crime or admitting some fact or facts from which it might be inferred that he committed or participated in the commission of a crime. A confession, to be received as such, must be an admission by the accused of some fact indicating that he is guilty of the precise crime with which he is charged, and not some other crime. However, you, the jury, must first determine that the alleged confession was, in fact, made and that it was in every respect freely and voluntarily made, otherwise it cannot be considered by you for any purpose. This means that the confession must not have been obtained by any sort of threat or violence or any promise, either direct or implied, however slight the hope or fear produced thereby, nor fraud, deception, or trickery. A confession is not voluntary if it is obtained through fear, threats, personal violence, ill usage, assault, intimidation, undue influence or duress; or by fraud, deception or trickery; or other (sic) the other hand,

---

1. The record does not indicate the disposition of the charges against Mr. King.

by hope of reward, promise of leniency or escape from punishment or by any other artifice reasonable (sic) calculated to influence the defendant in this manner.

The Court has admitted this confession into evidence for your consideration. However, you, the jury, are the judge of the law and the facts in the case and it is for your determination just what weight, if any, you will give this evidence. Therefore, you must take all of the foregoing rules into consideration in determining whether, in fact, a voluntary confession was made and if you determine that a voluntary confession was made you must weigh this evidence together with all of the other evidence submitted to you and if you are convinced of the guilt of the accused beyond a reasonable doubt, you must convict him, but on the other hand, if taking all of this into consideration you have a reasonable doubt of his guilt, you must acquit him.

When a confession, made free from hope or fear, is clearly proved, it is generally received as among the most effectual evidence in the law. Yet, it is a specie of evidence which is to be received with the greatest caution. There is a marked difference in the weight that is to be given to a deliberate confession of guilt rather that a mere extrajudicial or casual conversation with reference to the accused's guilt; the latter is the weakest and most unsatisfactory of all evidence."

The instructions delivered by the trial judge to the jury on the subject of confessions is not the law in Tennessee. See *State v. Pursley*, 550 S.W.2d 949, 952 (Tenn.1977). Our Supreme Court in *Pursley*, supra, has defined the difference between the "orthodox" rule on the admissibility of confessions in a criminal case, which is followed in Tennessee, and what has been referred to as the "Massachusetts" rule. Had the trial judge abdicated his responsibility to rule on the voluntariness of defendant's confession the instruction delivered would constitute reversible error. We are satisfied from this record that he did make his own independent determination of this fact and did not leave the question to the jury. The Tennessee Pattern Jury Instructions were prepared to conform to the statutory and case law in Tennessee. Although the initial determination of the law applicable to each case must be made by the trial judge, a deviation such as was made in the instructions delivered to this jury is not in accord with the case law in this State. It is a practice fraught with the peril of committing reversible error, even though it might accrue, as we think it did in this case, to a defendant's benefit.

Finding the record free of reversible error, we affirm the judgment of the trial court.

DWYER and SCOTT, JJ., concur.