**APPENDIX**

**(Excerpts from the Court of Criminal Appeals' Decision)**

IN THE TENNESSEE COURT OF CRIMINAL APPEALS

AT JACKSON

DECEMBER 1998 SESSION

STATE OF TENNESSEE, Appellee,

v.

TYRONE CHALMERS, Appellant.

C.C.A. NO. 02C01-9711-CC-00449
SHELBY COUNTY (No. _____ Below) The Honorable Carolyn Wade Blackett (ESPECIALLY AGGRAVATED ROBBERY and FELONY MURDER - DEATH PENALTY )

OPINION FILED: March 15, 1999.

AFFIRMED

GARY R. WADE, Presiding Judge.

**OPINION**

**[Sections on Background and Sufficiency of the Evidence Deleted]**

II

Next, the defendant contends that the trial court erroneously admitted a photograph of the victim as he was found on the street. The photo depicts the victim lying face down. His pants had been lowered to ankle level. The defendant insists that "the photo in question was void of probative weight and packed full of impermissible and inflammatory content."

Evidence is relevant if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Tenn. R. Evid. 401. Rule 403, Tenn. R. Evid., however, provides that relevant evidence may be excluded in certain situations:

Exclusion of Relevant Evidence on Grounds of Prejudice,

> Confusion, or Waste of Time. Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.

Simply because evidence is prejudicial does not mean the evidence must be excluded as a matter of law. See State v. Gentry, 881 S.W.2d 1, 6 (Tenn. Crim. App. 1993). Courts must still determine the relevance of the photograph and weigh its probative value against any undue prejudice.

In State v. Banks, 564 S.W.2d 947, 951 (Tenn. 1978), our supreme court recognized "the inherently prejudicial character of photographic depictions of a murder victim...." In adopting Federal Rule of Evidence 403 as its test for admissibility, the court suggested a variety of factors for consideration by the trial judge. The "value of photographs as evidence, ... their accuracy and clarity ... whether they were taken before the corpse was moved ... [and] the inadequacy of the testimonial evidence in relating the facts to the jury" are appropriate factors. Id.

The admissibility of relevant photographs of the victim is within the sound discretion of the trial judge, and his or her ruling on admissibility will not be disturbed on appeal absent a clear showing of an abuse of that discretion. Banks, 564 S.W.2d at 949. See also State v. Bigbee, 885 S.W.2d 797, 807 (Tenn. 1994); State v. Van Tran, 864 S.W.2d 465, 477 (Tenn. 1993).

The photograph at issue is clearly relevant. The state had to prove, notwithstanding the defendant's confession, that the defendant killed the victim during an attempt to commit an especially aggravated robbery. The photograph suggests that the victim was shot in the back causing him to fall face down. As the state argued at trial, the victim's pants could have been dropped to his ankles to prevent him from fleeing or otherwise resisting during the robbery. Although a portion of the body is nude, neither the wounds nor blood are highlighted in the photo at issue. The photograph is particularly relevant as corroborative of the details of the incriminating statement made by the defendant. In our assessment, the probative value outweighs any undue prejudicial effect.

As a collateral claim, the defendant also contends that the admission of the photograph into evidence violated his right to due process and his right to be free from cruel and unusual punishment. See U.S. Const. amend. VIII, XIV. We do not agree. The photograph is not so inflammatory as to cause the jury to convict out of passion or caprice. The facts, in this context, do not form any basis for a claim of cruel or unusual punishment.

### III

The defendant also claims the statement he gave to the police was the result of coercion and force and should not have been admitted at trial. We disagree.

At the hearing on the motion to suppress, Lt. James L. Nichols of the Memphis Police Department testified that he assisted Sergeant D. E. Woods in the August 20, 1994, interrogation of the defendant. Lt. Nichols recalled that the defendant was informed of his Miranda rights before any questions were submitted. According to Lt. Nichols, the defendant understood his rights and wished to make a statement to the police. Lt. Nichols stated that neither he nor Sergeant Woods coerced or threatened the defendant in any way and never promised him anything in exchange for his statement. He described the statement as freely and voluntarily given. The statement, which was made during a forty-five minute interview, was reduced to writing and signed by the defendant. Lt. Nichols, who described the defendant as reasonably intelligent, did not remember whether the defendant signed a separate "advice of rights" document.

Elise Flowers, who transcribed the statement as Lt. Nichols and Sgt. Woods conducted the interview, testified that the defendant was advised of his rights before the interrogation. She testified that the defendant acknowledged his rights, agreed to talk, and was not threatened, coerced, or promised anything in return for his answers. Ms. Flowers did not remember whether the defendant had singed a separate "advice of rights" form or whether he had read the transcript of the interview in her presence.

At the suppression hearing, the defendant claimed that he had been questioned previously by the officers and had informed them that he did not want to give a statement. He asserted that he had not been advised of his rights and did not understand why he was being forced to give a statement. The defendant testified that Sgt. Woods and two other officers struck him on the head several times with a telephone book. The defendant alleged that the officers forced the confession and written transcript. He insists that Ms. Flowers gave false testimony.

On cross-examination, the defendant admitted that he was in custody at that time on an attempted robbery and attempted murder charge stemming from the separate incident which had occurred earlier on the same night as the murder. The defendant, who had pled guilty to those charges prior to this hearing, stated that he gave a statement relating to the earlier incident at about the same time he gave the statement in this case. The defendant testified that he was beaten and forced to talk during both interviews. He conceded, however, that he failed to bring these claims to the attention of the trial judge who accepted the guilty pleas to attempted murder and attempted especially aggravated robbery. When asked during the submission hearing, the defendant asserted that he had voluntarily given the statement without being coerced or threatened. He explained this omission on his being "stressed out" because his mother was having health problems. Interestingly, the defendant acknowledged that he had been advised of his rights before he gave a statement on the prior charges and that he understood and voluntarily waived those rights.

Sgt. Woods denied having physically or verbally abused the defendant at any time before or during the interview on the felony murder. Sgt. Woods testified that he advised the defendant of his rights, did not coerce the defendant, and did not suggest what answers the defendant should provide.

To support his argument that the trial court erred in denying his motion, the defendant places primary emphasis on his testimony that he was beaten with a telephone book and that the initial "advice of rights" document has been lost or misplaced.

It is the duty of the trial judge to determine the voluntariness and the admissibility of the defendant's pretrial statement. State v. Pursley, 550 S.W.2d 949, 952 (Tenn. 1977). The trial court's determination that a confession was given knowingly and voluntarily is binding on the appellate courts unless the evidence preponderates otherwise. State v. Odom, 928 S.W.2d 18, 23 (Tenn. 1996). "Questions of credibility of the witnesses, the weight and value of the evidence, and resolution of conflicts in the evidence are matters entrusted to the trial judge as the trier of fact." Odom, 928 S.W.2d at 23. In addition, "the party prevailing in the trial court is entitled to the strongest legitimate view of the evidence adduced at the suppression hearing as well as all reasonable and legitimate inferences that may be drawn from that evidence." Id. The trial judge did not make explicit findings of fact in this case, simply stating, "At this time, based on the testimony and based on the Court's review of the statements and other evidence, the Motion to Suppress by the defendant will be denied at this time." Nevertheless, the denial of the motion implies a determination that the defendant did voluntarily and knowingly waive his rights. See State v. House, 592 S.W.2d 902, 904 (Tenn. Crim. App. 1979).

In Miranda v. Arizona, 384 U.S. 436, 479 (1966), the United States Supreme Court ruled that before a custodial interrogation, police officers must advise defendants of the right to remain silent and the right to counsel. If these warnings are not given, any statement elicited from a defendant is not admissible in trial. Stansbury v. California, 511 U.S. 318, 322 (1994). A defendant's rights to counsel and against self-incrimination may be waived as long as the waiver is made "voluntarily, knowingly, and intelligently." State v. Middlebrooks, 840 S.W.2d 317, 326 (Tenn. 1992). The Fifth Amendment right against self-incrimination may be waived only if done so voluntarily, knowingly, and intelligently. Miranda, 384 U.S. at 479. In order for an accused to effect a waiver, he must be adequately apprised of his right to remain silent and the consequence of deciding to abandon it. State v. Stephenson, 878 S.W.2d 530, 544 (Tenn. 1994). In determining whether the confession was voluntary and knowing, the totality of the circumstances must be examined. State v. Bush, 942 S.W.2d 489, 500 (Tenn. 1997).

In our view, the trial court properly denied the motion. Implicit in the conclusion reached by the trial court is that the testimony of the three witnesses for the state was more credible than that of the defendant. While there is no separate "advice of rights" form, both the written statement and the testimony at the suppression hearing specifically demonstrate that the defendant was advised of and waived his rights before talking to police. "The law does not require a written waiver," as long as the record demonstrates the defendant was advised of his rights and did, in fact, waive them. State v. Mann, 959 S.W.2d 503, 530 (Tenn. 1997). See also State v. Elrod, 721 S.W.2d 820, 823 (Tenn. Crim. App. 1986) (absence of written waiver does not per se require suppression if waiver can be found from the surrounding circumstances). The evidence simply does not preponderate against the trial court's ruling. See Odom, 928 S.W.2d at 23. Thus, the issue is without merit.

**[Section IV. Sufficiency of the aggravating evidence against mitigating evidence, review of**

**death sentence under Tenn. Code Ann. § 39-13-206(c) and proportionality review –Deleted]**
Accordingly, the judgment of the trial court is affirmed.
CONCUR:
THOMAS  T.  WOODALL, JUDGE
JOHN EVERETT WILLIAMS, JUDGE